MARCIA WOLFSON et al., Respondents, v. THOMAS E. DARNELL et al., Appellants.—

The plaintiff wife was a passenger in defendant Rosen's automobile which collided with defendant Darnell's automobile at a curve on the road. Concededly, at the time of impact, Darnell's automobile was beyond the white line and on the wrong side of the road. In our opinion, as against the defendant Rosen, the verdict was against the weight of the credible evidence. It is also our opinion that as against the defendant Rosen the complaint should have been dismissed as a matter of law, notwith-standing the verdict against her. She was confronted with a sudden emergency created by the defendant Darnell's negligence; she could not reasonably be expected to have anticipated the surge of his automobile across the highway and directly into her path. Hence, under the circumstances, it must be concluded that his negligence was *the* proximate cause of the accident and that she is not liable for her failure to exercise the best judgment or for any error of judgment on her part (*Meyer* v. *Whisnant*, 307 N. Y. 369, 371; *Kutlina* v. *Yiengst*, 1 N Y 2d 770; *De Carlo* v. *Falco*, 8 N Y 2d 791; *Polley* v. *Polley*, 11 A D 2d 121, 123; *Rowlands* v. *Parks*, 2 N Y 2d 64; *Zwilling* v. *Harrison*, 269 N. Y. 461). Ughetta, Christ, Pette and Brennan, JJ., concur; Beldock, Acting P. J., concurs in the affirmance as to defendant Darnell and in the reversal as to the defendant Rosen, but dissents insofar as judgment notwithstanding the verdict is directed in favor of defendant Rosen dismissing the complaint against her, and votes to sever the action and to grant a new trial as to her on the ground that the record presents issues of fact as to whether she was guilty of negligence in the operation of her automobile and as to whether her negligence was a concurrent cause of the accident.