ELEANOR BRECKIR, as Administratrix of the Estate of JANE BRECKIR, Deceased, Respondent, *v.* BRADLEY LEWIS et al., Appellants.

First Department, July 9, 1964.

*Thomas J. Walsh* of counsel (*Nicholas D'Onofrio* with him on the brief; *Schaffner & D'Onofrio,* attorneys), for Bradley Lewis, appellant.

*Desmond T. Barry* of counsel (*Richard E. Shandell* with him on the brief; *John J. O'Connor* and *Barry, Treanor, Shandell & Brophy,* attorneys), for Albert Pleibel and another, appellants.

*Emile Z. Berman* of counsel (*Marvin V. Ausubel* and *Paul M. Brown* with him on the brief; *Emile Z. Berman* and *A. Harold Frost,* attorneys), for respondent.

*Per Curiam.* Two appeals are before the court. One is from a judgment in favor of plaintiff in an action for wrongful death resulting from a two-car collision; and the second is from an order of the court setting aside so much of the verdict as represents compensation for conscious pain and suffering unless defendants will stipulate for a larger named sum. Neither defendant was willing to so stipulate.

The accident occurred on the Saw Mill River Parkway, somewhere between a mile and a mile and a half south of Hawthorne Circle. The highway consists of four lanes, two northbound and two southbound. To avoid unnecessary prolixity, we shall designate the respective lanes nearer to the curb as North 1 and South 1, and the two interior lanes, separated by a line on the highway, as North 2 and South 2. The Pleibel car, in which plaintiff was a passenger, was proceeding south, the Lewis car north. The accident occurred on a November evening after dark. The jury found in favor of the plaintiff against both defendants.

The evidence as to the collision comes from three sources: the defendant Lewis; the testimony as to the physical facts after the accident, given by police officers who later came to the scene;

and the driver of another car, named Day. Defendant Pleibel was herself injured in the accident and she had no recollection of the facts beyond the fact that she was driving south at the time. Defendant Lewis' testimony must necessarily have been rejected by the jury, as well it should have been. He testified that he never passed the center line and remained in lane North 2. This is contradicted by his own statements made to the police, the physical facts, and all the other testimony in the case. The testimony of Day is the only credible account of the events. He was driving south in South 2 and pulled into South 1 to allow the Pleibel car to pass him. About 400 feet from the point of collision he first noticed a car in the north lane, which he later identified as the Lewis car, having difficulty with other cars in the north lanes. This car pulled out of its lane into South 2 at this point, but immediately pulled back into North 2. At a point at first estimated by him as 200 feet north of the point of collision but later estimated as somewhat less, the Lewis car pulled again into South 2. At this point the Pleibel car was in South 2 and Day was behind it. Miss Pleibel attempted to pass the Lewis car by turning into South 1 but was unsuccessful because the Lewis car continued across the highway and into that lane. The Lewis car was in that lane after the accident, and the Pleibel car was on the grass bordering that lane. Day passed both cars, of necessity doing so while in the South 2 lane.

We conclude that no finding of negligence against the driver of the Pleibel car can be predicated on this evidence. The law has recognized certain factors in connection with automobile traffic on multiple-lane highways. The speeds permitted allow drivers a minimum of opportunity to avoid unforeseen contingencies and the width of the highways provide a maximum of opportunity for a driver to stay on his own side of the road. The consequence is that a driver in his proper lane is not required to anticipate that a car going in the opposite direction will cross over into that lane (*Gooch* v. *Shapiro,* 7 A D 2d 307, affd. 8 N Y 2d 1088). And the failure of a driver not otherwise negligent, who meets such a car, to avert the consequence of such an emergency can seldom be considered negligent *(Meyer* v. *Whisnant,* 307 N. Y. 369).

In this case it is virtually impossible to say what Miss Pleibel could have done to avoid the collision. No one suggests that she could have stopped in time, or, even if she could, that such a sudden stop on a travelled highway would not have been equally dangerous to her passenger, herself and other cars. It is hardly to be expected, even if she could have driven her car into the grassy area adjacent to the highway, that prudence

dictated such a maneuver in the circumstances presented. Even assuming that it might have been done and would have avoided a collision, there is nothing to show, even with the wisdom that comes after the event, that this also would not have had serious consequences. It could hardly be negligence, in the minimal time available, to fail to calculate the comparative risks involved and adopt the least dangerous course.

There remains for consideration the question of damages. The jury awarded $75,000 (which with interest came to $80,138.75) on the cause of action for wrongful death, and $1,500.28 on the cause of action for conscious pain and suffering. The latter sum represented the amount of the hospital and medical bills. The court deemed this sum inadequate and ordered that unless defendants stipulated to increase the verdict to $16,500.28 a new trial on this phase of the case should be had. We agree with the court's determination that the verdict is inadequate and we express no opinion as to what would be an adequate award.

We believe the award of $75,000 to be excessive. Plaintiff's intestate was a 21-year-old college student. The beneficiaries are her father and mother. She was shown to be a highly talented and beautiful girl. As far as can be ascertained from the record, her parents were in comfortable circumstances. Following normal developments, there is every reason to believe that before they would want to benefit from her financially she would be married and contributing to her own family. We believe that $35,000 represents a generous estimate of the limit of their financial deprivation by virtue of her death.

Judgment should be reversed on the law and the facts as to defendants Pleibel and complaint dismissed as to these defendants, with costs. Judgment should be reversed as to defendant Lewis, on the facts, with costs to appellant unless plaintiff stipulates to accept $35,000 with appropriate interest on the cause of action for wrongful death and, if so stipulated, affirmed, with costs to appellant.

Order granting new trial should be reversed on the law, the facts and in the exercise of discretion as to defendants Pleibel and affirmed as to defendant Lewis, without costs.

BOTEIN, P. J., BREITEL, RABIN, STEUER and STALEY, JJ., concur.

Judgment unanimously reversed on the law and the facts as to defendants Pleibel and complaint dismissed as to these defendants, with costs to appellants. Judgment unanimously reversed as to defendant Lewis, on the facts, with costs to appellant unless plaintiff stipulates to accept $35,000 with appro-

priate interest on the cause of action for wrongful death and, if so stipulated, affirmed, with costs to appellant. Order granting new trial unanimously reversed on the law, the facts and in the exercise of discretion as to defendants Pleibel and affirmed as to defendant Lewis, without costs. Settle order on notice.

Decision republished July 17, 1964:

Judgment unanimously reversed on the law and the facts as to defendants Pleibel and complaint dismissed as to these defendants, with costs to appellants. Judgment unanimously reversed on the law and the facts as to defendant Lewis, the verdict vacated, and a new trial granted, with costs to defendant-appellant Lewis, unless plaintiff stipulates to accept $35,000 with appropriate interest, in lieu of the award by verdict, in which event the judgment is modified to that extent and, as thus modified, affirmed with costs to defendant-appellant Lewis. Order granting new trial unanimously reversed on the law, the facts and in the exercise of discretion as to defendants Pleibel and affirmed as to defendant Lewis, without costs. Settle order on notice.