■ SANDRA B. CAMPBELL, Respondent, v. DOROTHY TOWBER et al., Appellants. (Action No. 1.) EDWARD McADAMS et al., Respondents-Appellants, v. JACQUELINE CORTESE et al., Respondents, and PAUL A. TOWBER et al., Appellants. (Action No. 2.) PAUL A. TOWBER, Appellant, v. EDWARD A. McADAMS, Respondent. (Action No. 3.) — In three consolidated negligence actions to recover damages for personal injuries arising out of a multiple automobile collision, in which (1) an order of the Supreme Court, Kings County, entered June 30, 1965 after a separate jury trial and verdict solely on the question of liability, *inter alia* denied a motion of the defendants Towber for a new trial and directed an assessment by another jury of the damages sustained by Sandra B. Campbell, the plaintiff in Action No. 1 (a passenger in the Towber vehicle) and by Mildred McAdams, one of the plaintiffs in Action No. 2 (a passenger in her husband's vehicle), which assessment resulted in a verdict in favor of each said passenger; and (2) a judgment of said court was entered November 1, 1965, reflecting both said jury verdicts, the appeals are as follows: 1. By the Towbers: (a) from so much of the judgment as is in favor of the respective plaintiffs Sandra B. Campbell and Mildred McAdams against them in Actions Nos. 1 and 2; and (b) from so much of the order as denied the motion for a new trial and ordered the assessment. 2. By Paul A. Towber separately, as plaintiff in Action No. 3: (a) from so much of the judgment as upon the court's decision dismissed his complaint against the defendant Edward A. McAdams; and (b) from so much of the order as denied the motion for a new trial and ordered the assessment. 3. By Edward A. McAdams and Mildred McAdams from so much of the judgment as: (a) is in favor of the plaintiff Sandra B. Campbell in Action No. 1; and (b) upon the court's decision dismissed their complaint as against the defendants Cortese in Action No. 2. Judgment: (1) reversed on the law and the facts, without costs, insofar as appealed from and insofar as it is in favor of the plaintiffs Sandra B. Campbell and Mildred McAdams and against the defendants Towber in Actions Nos. 1 and 2, respectively, and complaints dismissed on the law, without costs; (2) reversed on the law, insofar as it dismissed the plaintiff Paul A. Towber's complaint against defendant Edward A. McAdams in Action No. 3; said action severed and a new trial ordered between said parties, with costs to abide the

event; (3) affirmed, insofar as appealed from by Edward A. McAdams and Mildred McAdams, without costs. Appeals from order of June 30, 1965 dismissed as academic, without costs. The factual development here is strikingly similar to that presented in *Breckir* v. *Lewis* (21 A D 2d 546, aff'd. *sub nom. Breckir* v. *Pleibel*, 15 N Y 2d 1027). In the instant case, Paul Towber was driving south on Route 17 in this State with Sandra Campbell as his passenger. Edward McAdams was driving north on that highway with his wife Mildred as passenger. The third vehicle, operated by Jacqueline Cortese, was facing north in the left passing lane in a stopped position with its left blinker on, waiting for the traffic to clear preparatory to making a left turn. In a very sudden situation, McAdams' car moved from the left northbound lane across the double yellow line divider of the highway and collided with the Towber vehicle. The collision occurred in the middle of the southbound lanes of traffic, of which there are two. Less than a second or about a second passed in the development of this collision; distances between the parties were relatively slight. Under various theories Paul Towber is said to have been negligent. He is charged with speeding in the face of almost unanimous testimony that he was proceeding moderately at from 25 to 35 miles per hour. Only Mr. McAdams says he thinks Towber was going 60 miles per hour — a thought based on a split-second view of Towber's vehicle. McAdams had testified that he crossed the double yellow line and saw Towber for the first time when Towber was only 10 feet away. Towber is also charged with failing to react properly to a developing dangerous situation caused by a fourth (tan) vehicle which was behind the Cortese car and appeared to be out of control. Even if we assume that that dangerous situation were present, it could in no way suggest to Towber that another car, McAdams', as yet unseen by him, would suddenly move across the road divider and into the oncoming southbound traffic (see *Breckir* v. *Lewis, supra*; *Gooch* v. *Shapiro*, 7 A D 2d 307, aff'd. 8 N Y 2d 1088). As in *Breckir*, we conclude that no finding of negligence against Towber can be predicated on the evidence adduced. We must comment also on the theory that the McAdams car was propelled across the divider by an unknown car which struck his side and then disappeared unseen by anyone. That was purely a jury question which we assume it determined against McAdams. Once that factor is out of the case, there is very strong evidence in the record to support the jury's determination that McAdams was negligent in being on the wrong side of the road. We have considered the other issues raised on this appeal and find it unnecessary to pass upon them. Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [46 Misc 2d 891.]