■ JEAN TENENBAUM et al., Respondents, v WILLIAM MARTIN et al., Respondents, and SOL KOHL, Appellant. (Action No. 1.) MIMI KOHL et al., Plaintiffs, v WILLIAM MARTIN, Respondent. (Action No. 2.) DONNA OLSON, Respondent, v WILLIAM MARTIN, Respondent. (Action No. 3.) DONNA OLSON, Respondent, v SOL KOHL, Defendant and Third-Party Plaintiff-Appellant. WILLIAM MARTIN, Third-Party Defendant-Respondent. (Action No. 4.)—In four consolidated negligence actions to recover damages for personal injuries, etc., Sol Kohl appeals from so much of an interlocutory judgment of the Supreme Court, Kings County (Dowd, J.), dated December 9, 1985, as, upon a jury verdict, found him to have proximately caused the accident and found him to be 60% at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, and the complaints in action Nos. 1 and 4 are dismissed as against Sol Kohl.

Under the facts of this case, Sol Kohl was not negligent as a matter of law and the court should have granted judgment in his favor. Furthermore, it was reversible error for the court not to charge, as requested, that Kohl was not required to anticipate that an automobile going in the opposite direction would cross the median strip of the highway and enter the flow of traffic in the opposing direction *(see, Meyer v Whisnant,* 307 NY 369, 371, *rearg denied* 307 NY 911; *Campbell v*

*Towber,* 26 AD2d 628, 629, *affd* 19 NY2d 844; *Breckir v Lewis,* 21 AD2d 546, 549, *affd sub nom. Breckir v Pleibel,* 15 NY2d 1027; *Wolfson v Darnell,* 15 AD2d 516, 517, *mod on other grounds* 12 NY2d 819; *Gooch v Shapiro,* 7 AD2d 307, 309, *affd* 8 NY2d 1088). When the Plymouth Duster driven by Ruth Ann Martin and owned by William Martin entered the north-bound lanes of traffic (the direction in which Kohl was traveling), Kohl was confronted with an emergency not of his own making and without an opportunity for deliberation. Under the emergency circumstances present, Kohl was not obligated to exercise his best judgment and an error of judgment on his part is not to be considered negligence *(see, Rowlands v Parks,* 2 NY2d 64, 67; *Meyer v Whisnant, supra,* at 371; *Wolfson v Darnell, supra,* at 517).

In light of our disposition of this case, we do not consider Kohl's allegations concerning errors made at the trial and considering the remainder of the trial court's charge to the jury. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.