■ WILLIAM J. MOLLER et al., Appellants, v THOMAS G. LIEBER, Defendant, and LISA J. GADONNIEX, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered December 8, 1988, which granted a motion by the defendant Lisa J. Gadonniex for summary judgment dismissing the complaint as against her.

Ordered that the order is affirmed, with costs.

The plaintiff William J. Moller was a passenger in an automobile driven by the codefendant Thomas G. Lieber when Lieber's car suddenly veered into the oncoming lane of traffic and collided with an automobile owned and operated by the defendant Lisa J. Gadonniex. The examinations before trial of the parties demonstrated that both cars were traveling around

a curve in opposite directions and that Gadonniex had no more than 2 or 3 seconds to react to Lieber's car when it crossed over the center line.

The plaintiffs contend that Gadonniex was negligent in operating her vehicle at a speed near the speed limit when the weather conditions were arguably slippery, and in attempting to manuever into the oncoming traffic lane to avoid the collision rather than attempting to steer her car to the shoulder of the road. However, under the emergency circumstances presented, Gadonniex was not obligated to exercise her best judgment and any error in her judgment was not sufficient to constitute negligence (see, Tenenbaum v Martin, 131 AD2d 660; see also, Rowlands v Parks, 2 NY2d 64, 67). Moreover, considering that Gadonniex only had approximately two seconds to react to the oncoming vehicle, any possible negligence on her part did not contribute to the accident, and the sole proximate cause of the collision was Lieber's negligence (see, Whitely v Lobue, 24 NY2d 896; Palmer v Palmer, 31 AD2d 876, affd 27 NY2d 945). Accordingly, summary judgment was properly granted in favor of Gadonniex. Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.