■ ALTAGRACIA SERAPHIN, as Administratrix of the Estate of FRANK SERAPHIN, Deceased, Respondent, v MARY A. CONNAUGHTON, Defendant and Second Third-Party Plaintiff-Respondent, MAURY F. LASPIA et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. RIGAURTE A. REID et al., Third-Party Defendants; MARGARET HARTMANN, Second Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries and wrongful death, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Hentel, J.), dated August 14, 1989, which denied their motion for summary judgment dismissing the complaint and all cross claims asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The Lehman Tree Expert Company and Maury F. Laspia

moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied their motion. We reverse.

The record establishes that the truck owned by the defendant Lehman Tree Expert Company and driven by the defendant Maury Laspia was 50 feet away from the automobile owned and operated by Frank Seraphin when that car abruptly changed its course of direction and crossed the double yellow line, and headed straight towards the truck at between 60 and 65 miles per hour. It is clear from these unrefuted facts that Laspia was confronted with an emergency not of his own making and without an opportunity for deliberation. The action taken by Laspia in response to this emergency cannot be considered negligence *(see, Tenenbaum v Martin,* 131 AD2d 660). Accordingly, we find that these defendants were entitled to summary judgment. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.