■ CHRISTIN JENNINGS, Respondent-Appellant, v ROBERT M. SCHILLING et al., Respondents, and ANNETTE VALLONE et al., Appellants-Respondents. [609 NYS2d 312] —In an action to recover damages for personal injuries, (1) the defendants Annette Vallone and Gerard Radcliffe appeal from an order of

the Supreme Court, Suffolk County (Werner, J.), dated May 5, 1992, which (a) granted the defendant Michael Schilling's motion for summary judgment dismissing the complaint and cross claims insofar as asserted against him and (b) denied their cross motion for summary judgment, and (2) the plaintiff cross-appeals from so much of the same order as granted the defendant Michael Schillings' cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

On February 3, 1985, at 2:50 A.M., the defendant Annette Vallone drove a pickup truck owned by the defendant Gerard Radcliffe northbound in the outer right lane of Lakeland Avenue, which was covered with snow and slush, in the Town of Islip in Suffolk County. Heading in the opposite direction was a Ford Mustang in which the plaintiff was a passenger. Vallone saw the Mustang move to its left, apparently attempting to pass a Plymouth Duster driven by the defendant Michael Schilling. Vallone stated that she saw the Mustang make a complete revolution and that it continued to spin before the Mustang hit her truck. Evidence was adduced that the Mustang moved towards Vallone for some amount of time and spun for approximately 300 feet prior to impact.

It is well-settled that the summary judgment movant must establish his defense or cause of action sufficiently to warrant a court's grant of judgment in his favor as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). The initial burden in a motion for summary judgment is on the movant to establish by means of admissible evidence his or her prima facie entitlement to summary judgment as a matter of law (see, McCormack v Graphic Mach. Servs., 139 AD2d 631, 632). Because evidence was adduced that the pickup truck gradually slowed down, that Vallone lightly stepped on the brake, and that she slightly turned the steering wheel to the right three to five seconds before impact, there is an issue of fact as to whether Vallone acted negligently in failing to avoid the collision. Thus, the Supreme Court properly denied the cross motion of the defendants Vallone and Radcliffe for summary judgment.

No evidence was adduced which demonstrated that Michael Schilling had anything to do with the happening of the accident. Therefore, the Supreme Court properly granted his motion for summary judgment dismissing the complaint inso-

far as it is asserted against him. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.