■ MARIA MANGANO, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. (And a Third-Party Action.) [631 NYS2d 54] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Bernstein, J.), entered July 30, 1993, as, after granting the motion of the defendants New York City Housing Authority and Jeff Friedman for judgment notwithstanding the verdict, is in favor of them and against the plaintiff dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This appeal arises from a three-car accident which occurred on the evening of December 7, 1980, on Knapp Street in Brooklyn, which, at the time, was a four-lane road with two northbound and two southbound lanes divided by a double-yellow line. At the time of the accident, Jeff Friedman was driving a New York City Housing Authority patrol car in the left-northbound lane of Knapp Street on his way to his next routine patrol destination. It was raining and there was a car traveling immediately abreast of Friedman in the right-northbound lane. Traveling in the right-southbound lane was a car operated by Donnanne Carbone which was slowing to make a righthand turn into a parking lot. Also proceeding southbound in the right-southbound lane was a car driven by Thomas Herrera, which was traveling at an excessive rate of speed. The plaintiff was a passenger in Herrera's car.

As Herrera proceeded southbound, he attempted to pass the Carbone car by moving into the left-southbound lane. However, Herrera struck the Carbone car on the left-front fender and ricocheted into the left-northbound lane, immediately hitting Friedman. While Herrera's high rate of speed may have been apparent for several seconds prior to impact, it is undisputed that Herrera did not cross over into Friedman's lane until less than two seconds before impact and that Friedman was traveling at a reasonable rate of speed for the prevailing conditions.

The jury found that Herrera was 50% at fault in the happening of the accident, Friedman and the New York City Housing Authority were 40% at fault, and Carbone was 10% at fault. Thereafter, the trial court granted the motion of Friedman and the Housing Authority for judgment notwithstanding the verdict. We affirm.

It is axiomatic that a driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic (see, Tenenbaum v Martin, 131 AD2d 660). Indeed, a cross-over scenario presents an emergency situation and the actions of a driver presented with such a situation must be judged in that context (see, Glick v City of New York, 191 AD2d 677, 678). We find that Friedman was presented with an instantaneous cross-over emergency with virtually no time to react. Additionally, in light of the fact that a car was traveling immediately abreast of Friedman in the righthand lane and Herrera was approaching from the front-left, Friedman had no opportunity to avoid the oncoming vehicle (cf., Koster v Fenton, 84 AD2d 783). The plaintiff's contention that Friedman should have taken evasive action and pulled in ahead of, or behind the car to his right as soon as he saw the high rate of speed of the Herrera vehicle, without more, is untenable. It directly contradicts the established law of New York that a driver need not anticipate a vehicle crossing-over into his lane of travel (see, e.g., Meyer v Whisnant, 307 NY 369, 371; Gouchie v Gill, 198 AD2d 862; Benedetto v City of New York, 166 AD2d 209; Tenenbaum v Martin, supra; Breckir v Lewis, 21 AD2d 546, 549, affd sub nom. Breckir v Pleibel, 15 NY2d 1027; Gooch v Shapiro, 7 AD2d 307, 309, affd 8 NY2d 1088). Rosenblatt, J. P., Copertino, Hart and Friedmann, JJ., concur.