■ TAMMY J. WRIGHT, Respondent, v ALEXANDRA MOROZINIS et al., Respondents, and MARILYN S. RIDDELL, Also Known as MARILYN STEVENS, et al., Appellants. [632 NYS2d 213] —In an action to recover damages for personal injuries, the defendants Marilyn S. Riddell a/k/a Marilyn Stevens and Michael Roche appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated December 30, 1993, as denied their cross motion for summary judgment dismissing the complaint and all cross claims against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the appellants' cross motion for summary judgment is granted, and the complaint and all cross claims are dismissed insofar as asserted against them.

This action arises from two successive automobile collisions

on Patchogue-Holbrook Road which occurred when the defendant Paul Morozinis apparently lost control of his automobile, crossed the center dividing lines, hit the automobile driven by the defendant Marilyn Riddell and owned by the defendant Michael Roche, then collided with the automobile driven by the plaintiff Tammy Wright, causing both the Morozinis and Wright automobiles to be propelled toward the vehicle driven by the defendant Francyne Moss. Riddell and Roche moved for summary judgment dismissing the complaint and all cross claims against them. We find that the Supreme Court erred in denying their motion.

It is well established that a driver in Riddell's situation cannot reasonably be expected to anticipate that an automobile will surge across the highway and directly into her path *(see, Palmer v Palmer,* 31 AD2d 876, 877, *affd* 27 NY2d 945; *Greifer v Schneider,* 215 AD2d 354; *Wolfson v Darnell,* 15 AD2d 516, 517, *affd in part and dismissed in part* 12 NY2d 819). The failure of a driver not otherwise negligent who encounters such a car to avert the consequence of such an emergency, can seldom be considered negligence *(see, Gouchie v Gill,* 198 AD2d 862; *Breckir v Lewis,* 21 AD2d 546, 549, *affd sub nom. Breckir v Pleibel* 15 NY2d 1027). Whether Riddell's response was appropriate or not, a driver faced with a vehicle careening across the highway directly into her path is not liable for failure to exercise the best judgment or for any errors of judgment *(see, Gouchie v Gill, supra,* at 862; *Wolfson v Darnell, supra,* at 517).

Given the absence of negligence in Riddell's response to the unanticipated surge of the Morozinis automobile across the center dividing lines and into her vehicle, her conduct could not have been a proximate cause of the subsequent collision between the Morozinis automobile and the Wright automobile. The sole proximate cause of the collision was the operation of the Morozinis automobile. Even with the wisdom that comes after the event, there is no evidence that any action by Riddell to avoid the first collision, would have influenced the direction or impact of the second collision, and also would not have had serious consequences *(see, Breckir v Lewis, supra,* at 549). At any rate, such speculation is insufficient to defeat summary judgment *(see, Eisenbach v Rogers,* 158 AD2d 792, 793; *Lackner v Roth,* 166 AD2d 686, 687; *Breckir v Lewis, supra,* at 548). Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.