■ INGRID R. MATTIS-LOGUIRATTO, Appellant, v JOSEPH ROMANO, Respondent, et al., Defendants. [634 NYS2d 534] —In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court Suffolk County (Doyle, J.), dated August 8, 1994, which, *inter alia,* granted the cross motion of the defendant Joseph Romano to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the plaintiff's complaint insofar as it was asserted against the defendant Joseph Romano. The record reveals that the plaintiff, who was in the front passenger seat of Romano's vehicle, was injured when a vehicle operated by the defendant Danielle Maynard suddenly crossed the yellow dividing line into oncoming traffic and collided head-on into Romano's vehicle.

It is settled that a driver in the defendant Romano's situation cannot reasonably be expected to anticipate that an automobile will surge across the highway directly into his path *(see, Wright v Morozinis,* 220 AD2d 496; *Palmer v Palmer,* 31 AD2d 876, 877, *affd* 27 NY2d 945; *Greifer v Schneider,* 215 AD2d 354; *Wolfson v Darnell,* 15 AD2d 516, 517, *affd in part and dismissed in part* 12 NY2d 819). The plaintiff's assertion that defendant Romano nevertheless acted unreasonably when confronted with the Maynard vehicle represents nothing more than a claim that Romano made an error of judgment, a claim to which, under the circumstances presented, no liability may attach *(see, Lackner v Roth,* 166 AD2d 686, 687; *Moller v Lieber,* 156 AD2d 434; *Tenenbaum v Martin,* 131 AD2d 660; *see also, Wright v Morozinis, supra; Gouchie v Gill,* 198 AD2d 862; *Wolfson v Darnell, supra,* at 517).

We have considered the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.