■ MATTHEW R. GOFF, Appellant, v ROBERT E. GOUDREAU, Respondent. [635 NYS2d 699] —In an action to recover damages for personal injuries the plaintiff appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered August 2, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A driver is not required to anticipate that a vehicle, in this case a bicycle (*see*, Vehicle and Traffic Law § 1231), traveling in the opposite direction will cross over into oncoming traffic. In the matter at bar, the plaintiff's bicycle suddenly crossed over a double yellow line and went into the lane of travel of the defendant's automobile. This presented an emergency situation and the actions of the defendant driver must be judged within that context. In this instance, the defendant was presented with a sudden cross-over emergency and had only a few seconds in which to react. His actions in immediately sounding his horn, slamming on his brakes, and swerving to the right were reasonable, and any possible error in judgment cannot be considered negligent in these circumstances. It is clear that the plaintiff's actions were the sole proximate cause of the accident while the defendant was free from culpable conduct. The plaintiff's mere speculation that defendant may have failed to act properly is insufficient to defeat the summary judgment motion (*see, Williams v Econ*, 221 AD2d 429).

We have examined the plaintiff's remaining contention and find that it does not require reversal. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.