■ MICHAEL KOCH et al., Plaintiffs, v SHELDON LEVENSON, Defendant and Third-Party Plaintiff, et al., Defendants. COUNTY OF NASSAU, Third-Party Defendant. (Action No. 1.) CAROL ERSTLING et al., Appellants, v SHELDON LEVENSON, Respondent, COUNTY OF NASSAU, Appellant, et al., Defendants. (Action No. 2.) (And Two Related Actions.) [638 NYS2d 785] ■

Contrary to the appellants' contention, the Supreme Court properly awarded summary judgment to Sheldon Levenson dismissing all complaints, third-party complaints, and cross claims insofar as asserted against him. Levenson was driving his automobile north along Peninsula Boulevard in Rockville Center when a driver in the southbound lane lost control of his vehicle, which crossed the center median, striking the Levenson vehicle head on.

It is axiomatic that a driver is not required to anticipate

that an automobile traveling in the opposite direction will cross over into oncoming traffic *(see, Goff v Goudreau,* 222 AD2d 650; *Mangano v New York City Hous. Auth.,* 218 AD2d 787). Indeed, such a scenario presents an emergency situation, and the actions of the driver presented with such a situation must be judged in that context *(see, Greifer v Schneider,* 215 AD2d 354; *Glick v City of New York,* 191 AD2d 677, 678). Here, Levenson was faced with an instantaneous cross-over emergency when the offending vehicle suddenly shot into the oncoming lane of traffic, leaving him with virtually no time to react *(see, Williams v Econ,* 221 AD2d 429; *Mangano v New York City Hous. Auth., supra).* We find no merit to the appellant's contention that Levenson could have taken evasive action because a passenger in his vehicle warned him to "watch out" approximately two or three seconds before the offending vehicle crossed the median. This argument disregards the principle that a driver need not anticipate such a situation *(see, Mangano v New York City Hous. Auth., supra; Gouchie v Gill,* 198 AD2d 862). Accordingly, the Supreme Court correctly determined that any possible negligence on Levenson's part did not contribute to the accident *(see, Moller v Lieber,* 156 AD2d 434). Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.