■ WILLIAM PEKAR, Respondent, v ABRO SERVICE, INC., et al., Defendants, and NYRAC, INC., Doing Business as BUDGET RENT A CAR, et al., Appellants. EDWARD LONGO, Respondent, v ABRO CAR SERVICE, INC., et al., Defendants, and NYRAC, INC., et al., Appellants. [666 NYS2d 158] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about March 11, 1997, which denied defendants-appellants' motion for summary judgment dismissing both complaints in these consolidated actions for personal injuries sustained by plaintiffs in an automobile accident, unanimously affirmed, without costs.

We agree with the motion court that issues of fact are raised by the deposition testimony of appellants' own witness, also a defendant, that before colliding with the cab in which plaintiffs were passengers, he was traveling in the left lane in the same direction as the cab and observed it, from as far away as three car lengths, veer from the center lane toward the right lane, cutting off another car, and then veer back towards the left lane to make a sudden U-turn. Such testimony leaves open the factual issue of whether the witness had sufficient notice of the cab's erratic driving to avoid the collision. The situation is not analogous to a "cross-over scenario" involving a head-on collision, which warrants summary judgment (see, e.g., Williams v Econ, 221 AD2d 429; Wright v Morozinis, 220 AD2d 496).

Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.