■ JAMES S. CALZARETH et al., Respondents, v PARKSON T. YIP et al., Respondents. (Action No. 1.) JOANN D. GARLAND et al., Respondents, v PARKSON T. YIP, Respondent, and JAMES S. CALZARETH, Appellant. (Action No. 2.) [670 NYS2d 583] —In consolidated actions to recover damages for personal injuries, etc., allegedly sustained in a multi-vehicle automobile accident, James S. Calzareth appeals from so much of an interlocutory judgment of the Supreme Court, Nassau County (Schmidt, J.), entered February 21, 1997, as, upon a jury verdict finding, after a trial on the issue of liability only, that he was 5% at fault in the happening of the accident, is in favor of Debra Calzareth and Alexander Calzareth, and Joann Distler Garland and John J. Garland, Jr., and against him on the issue of liability.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, all claims and cross claims asserted against James S. Calzareth are dismissed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended interlocutory judgment consistent herewith.

The uncontroverted evidence adduced at trial established that James S. Calzareth (hereinafter Calzareth) was in the eastbound left-turn lane of Sunrise Highway at its intersection with Morris Gate, when a vehicle driven by Parkson T. Yip crossed over from the westbound roadway, hit a center concrete divider and then struck his vehicle. As a result of the impact, Calzareth's vehicle was pushed into the adjacent eastbound left lane, where it was struck a second time by a vehicle driven by the plaintiff Joann Distler Garland. The jury found Yip 95% at fault and Calzareth 5% at fault in the happening of the accident. We find that the trial court erred in denying Calzareth's motion after the close of evidence for judgment in his favor as a matter of law.

The emergency doctrine recognizes that "when an actor is faced with a sudden and unexpected circumstance which leaves

little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" and, thus, cannot be expected to follow the same accuracy of judgment as someone who has had an opportunity to reflect (*Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *Caban v Vega,* 226 AD2d 109; *Roman v Vargas,* 182 AD2d 543).

A cross-over scenario presents an emergency situation and the actions of a driver presented with such a sudden occurrence must be judged in that context (*Goff v Goudreau,* 222 AD2d 650; *Williams v Econ,* 221 AD2d 429; *Glick v City of New York,* 191 AD2d 677). Specifically, a driver faced with an emergency circumstance is not obligated to exercise his or her best judgment, and an error in judgment is not sufficient to constitute negligence (*Fermin v Graziosi,* 240 AD2d 365; *Tenenbaum v Martin,* 131 AD2d 660).

The undisputed evidence presented at trial demonstrates that when Yip crossed over into Calzareth's lane of traffic, Calzareth was faced with an emergency situation not of his own making, and that he acted reasonably under the circumstances. Calzareth cannot be considered negligent and is entitled to judgment dismissing all causes of action asserted against him. In light of our determination, we need not reach Calzareth's remaining contentions. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.