■ JANICE L. BENTLEY, Plaintiff, v JONATHAN A. MOORE, Defendant. (Action No. 1.) XAVIANCA BALL, Plaintiff, v JONATHAN A. MOORE, Defendant and Third-Party Plaintiff. JANICE BENTLEY, Third-Party Defendant. (Action No. 2.) JONATHAN A. MOORE, Appellant, v JANICE BENTLEY, Respondent, and VOLVO FINANCE OF NORTH AMERICA, INC., Defendant and Third-Party Plaintiff-Respondent. DAVID NEUWIRTH, Third-Party Defendant-Respondent. (Action No. 3.) (And Another Third-Party Action.) [675 NYS2d 108] —In three related actions to recover damages for personal injuries arising out of a multi-vehicle accident, the plaintiff Jonathan A. Moore in Action No. 3 appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered May 30, 1997, which granted the motion of the defendant Volvo Finance of North America, Inc., for summary judgment dismissing the complaint in Action No. 3 and all cross claims insofar as asserted against it and, in ef-

fect, granted the motion of the fourth-party defendant David Neuwirth for summary judgment dismissing the complaint in Action No. 3 and the fourth-party complaint.

Ordered that the order is affirmed, with one bill of costs.

Jonathan A. Moore was driving his automobile northbound on Guinea Woods Road. Janice L. Bentley was driving southbound in a Volvo registered to Volvo Finance of North America, Inc. (hereinafter Volvo). Moore's vehicle crossed over into the southbound lane and a collision occurred. Moore told the police that he did not know how the accident occurred and, in his deposition, he testified that he lost consciousness prior to the collision. Bentley testified that she had her foot on the brake and was stopped at a traffic light.

It is axiomatic that a driver is not required to anticipate that an automobile traveling in the opposite direction will cross over into oncoming traffic (see, Velez v Diaz, 227 AD2d 615; Koch v Levenson, 225 AD2d 592; Greifer v Schneider, 215 AD2d 354; Tenenbaum v Martin, 131 AD2d 660). Indeed, such a scenario presents an emergency situation, and the actions of the driver presented with such a situation must be judged in that context (see, Koch v Levenson, supra; Mangano v New York City Hous. Auth., 218 AD2d 787; Greifer v Schneider, supra; Glick v City of New York, 191 AD2d 677).

Here, it was undisputed that Moore crossed over into the southbound lane. As Moore could not remember what happened and the police report was inadmissible as to whether Bentley's vehicle was in motion, no evidence was presented in admissible form to refute Bentley's testimony that her vehicle was stopped. In any event, even if Bentley's vehicle was in motion, since the collision occurred within five seconds from the time she first saw Moore's vehicle, Bentley was not obligated to exercise her best judgment and any error in her judgment was not sufficient to constitute negligence (see, Stevens v Kirby, 86 AD2d 391; Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886; Greifer v Schneider, supra).

Moore's remaining contentions are without merit. Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.