■ KRISTOPHER SCHNEIDER, Respondent, v AMERICAN DIABETES ASSOCIATION, Respondent, and ALBERT ENGLER et al., Ap-

pellants. [677 NYS2d 627] —In an action to recover damages for personal injuries, the defendants Albert Engler and Valeo Leasing Limited appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated September 15, 1997, as denied their motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against them, and granted that branch of the motion of the defendant American Diabetes Association which was for summary judgment dismissing any cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the appellants' motion and substituting therefor a provision granting that motion and dismissing the complaint and any cross claims insofar as asserted against the appellants; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants payable by the plaintiff-respondent.

The plaintiff was injured when the bicycle he was riding in a Tour de Cure bike-a-thon sponsored by the defendant American Diabetes Association was hit by a truck driven by the defendant Albert Engler and leased from the defendant Valeo Leasing Limited (hereinafter Valeo).

The Supreme Court erred in denying the summary judgment motion of the defendants Engler and Valeo. According to the evidence adduced, the plaintiff's brakes failed and he was unable to stop at a traffic light. Engler proceeded through a green light and attempted to brake when he saw the plaintiff's out-of-control bicycle skid into the intersection; however, he was unable to stop in time. No evidence has been submitted that would indicate any negligence on the part of Engler. "The plaintiff's mere speculation that defendant may have failed to act properly is insufficient to defeat the summary judgment motion" (*Goff v Goudreau*, 222 AD2d 650; *see also, Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924; *Rivera v New York City Tr. Auth.*, 77 NY2d 322).

In light of our determination, we need not reach the remaining issues. Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.