■ John Schmall et al., Respondents, v Julia F. Ryder et al., Respondents, Theresa M. Schmall, Appellant, et al., Defendants. [692 NYS2d 168] —In a negligence action to recover damages for personal injuries, etc., the defendant Theresa M. Schmall appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered April 16, 1998, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

It is axiomatic that a driver of an automobile is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic (*see, Koch v Levenson*, 225 AD2d 592). Such a scenario presents an emergency situation,

and the actions of the driver presented with such a situation must be judged in that context (*see, Bentley v Moore,* 251 AD2d 612, 613; *Koch v Levenson,* 225 AD2d 592, *supra*). In the present case, while driving northbound on a two-lane highway, the defendant Julia Ryder lost control of her vehicle and, within seconds, veered into the opposing lane, striking the car driven by Theresa M. Schmall (hereinafter Schmall), which was traveling southbound. The undisputed evidence indicated that the weather conditions were poor, the shoulders of the roadway were very narrow, and there were guardrails on either side, leaving Schmall with no reasonable opportunity to avoid the oncoming vehicle. Under the circumstances, Schmall's actions did not contribute to the accident.

Accordingly, Schmall is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.