■ PATRICK M. FLANAGAN et al., Respondents, v PETER C. KUEHN et al., Appellants, and PARMANAND RAMLAKHAN et al., Respondents. [705 NYS2d 74] —On the Court's own motion, it is ordered that its unpublished decision and order dated February 28, 2000, in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, etc., the defendants Peter C. Kuehn and Waltraud Kuehn appeal

from so much of (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated May 4, 1999, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) an interlocutory judgment of the same court, as was entered June 3, 1999, on that portion of the order.

Ordered that the appeal from the order is dismissed, as the order was superseded by the interlocutory judgment; and it is further,

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, the cross motion of the defendants Peter C. Kuehn and Waltraud Kuehn for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, the complaint is dismissed insofar as asserted against the appellants, the action against the remaining defendants is severed, and the order is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

This action arises from a collision near the intersection of Fulton and Kernochan Avenues in Hempstead. The plaintiffs were stopped in a vehicle facing west behind another vehicle, waiting to make a left turn at the intersection, when the plaintiff Patrick M. Flanagan allegedly observed a truck, owned by the defendant Eric Berger and the defendant Berger Sign Fabrication, Inc., and operated by the defendant Parmanand Ramlakhan. At some distance from the intersection, without signaling, the truck crossed over the double yellow line into the eastbound lane and made a left turn onto Kernochan Avenue.

At the same time, the defendant Peter Kuehn, operating a car owned by the defendant Waltraud Kuehn, was proceeding eastbound on Fulton Avenue at approximately 30 miles per hour when he observed the truck making a left turn. In an effort to avoid a collision with the truck, he stepped on his brakes, veered to the left, and hit the plaintiffs' car.

This scenario presents an emergency situation, and the actions of a driver presented with such a situation must be judged in that context (*see, Tenenbaum v Martin,* 131 AD2d 660). Peter Kuehn acted reasonably under the circumstances (*see, e.g., Calzareth v Yip,* 248 AD2d 661; *DiPaolo v Buono,* 235 AD2d 386; *Williams v Econ,* 221 AD2d 429; *Mangano v New York City Hous. Auth.,* 218 AD2d 787; *Glick v City of New York,* 191 AD2d 677). As such, he cannot be deemed negligent and the Kuehns are entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them. O'Brien, J. P., Joy, Florio and H. Miller, JJ., concur.