■ MICHAEL A. FORESTO, Respondent, v LONG ISLAND LIGHTING COMPANY et al., Appellants. [708 NYS2d 444] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Alpert, J.), dated October 1, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is axiomatic that a driver is not required to anticipate that

an automobile traveling in the opposite direction will cross over into oncoming traffic (*see, Koch v Levenson,* 225 AD2d 592; *Goff v Goudreau,* 222 AD2d 650). Such a scenario presents an emergency situation and the actions of the driver presented with such a situation must be judged in that context (*see, Greifer v Schneider,* 215 AD2d 354). Here, the defendant Melvin Henderson testified at his examination before trial that the plaintiff's car was traveling in the correct lane when he first observed it from a distance of 50 feet and did not cross over the dividing line and into his lane of travel until it was only 30 feet away, leaving him with virtually no time to react (*see, Koch v Levenson, supra*).

The plaintiff failed to raise a triable issue of fact as to whether Henderson's alleged inattentiveness to the plaintiff's erratic driving for a period of time prior to the occurrence contributed to the accident. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.