■ CATHERINE TURNER, Individually and as Mother and Natural Guardian of JESSE TURNER, an Infant, Respondent, v ANGELO MONGITORE, Individually and as Father and Natural Guardian of JOHN MONGITORE, an Infant, Respondent, and LOUISE NICOSIA et al., Appellants. [711 NYS2d 478] —In an action to recover damages for personal injuries, etc., the defendants Louise Nicosia and Robert Nicosia appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 24, 1999, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

The plaintiff Jesse Turner was riding in a car driven by the defendant John Mongitore and owned by the defendant Angelo Mongitore, when it crossed over into the opposite lane of traffic. The car collided head on with a vehicle driven by the appellant Robert Nicosia and owned by the appellant Louise Nicosia.

The appellants established that since Mongitore suddenly

crossed over into Robert Nicosia's lane of traffic, the emergency doctrine applies and his actions must be judged in that context (*see, Bentley v Moore,* 251 AD2d 612, 613). In response, the plaintiffs have failed to raise an issue of fact that Robert Nicosia's reaction to the emergency was unreasonable, or that any negligence on his part which may have occurred prior to the cross-over contributed to bringing about the emergency (*see, Koch v Levenson,* 225 AD2d 592, 593; *Lackner v Roth,* 166 AD2d 686, 687; *Moller v Lieber,* 156 AD2d 434, 435). O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.