■ EDMUND STOEBE, Appellant, v GINA NORTON et al., Appellants, LISA BERGAMINI et al., Respondents, et al., Defendants. (Action No. 1.) MARIA TELESHOVA, Appellant, v GINA NORTON et al., Appellants, and LISA BERGAMINI et al., Respondents. (Action No. 2.) DENISE HURSAK et al., Plaintiffs, v GINA NORTON et al., Appellants, LISA BERGAMINI et al., Respondents, et al., Defendant. (And Another Title.) (Action No. 3.) [718 NYS2d 642] —In related actions to recover damages for personal injuries, etc., which were joined for trial, Edmund Stoebe, the plaintiff in Action No. 1, Maria Teleshova, a defendant in Action Nos. 1 and 3 and the plaintiff in Action No. 2, and Gina Norton and Donald E. Norton, defendants in all three actions, separately appeal from an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 4, 1999, which granted the motion of Lisa Bergamini and Joseph Bergamini, defendants in all three actions, for summary judgment dismissing the complaints and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The appellants Edmund Stoebe and Maria Teleshova separately commenced Actions Nos. 1 and 2, respectively, to recover damages for personal injuries they allegedly sustained when a vehicle operated by Teleshova crossed over into the opposing lane of traffic and collided with a vehicle owned by the respondent Joseph Bergamini and driven by the respondent Lisa Bergamini in which Stoebe was a passenger. The appellants contend that Lisa Bergamini was negligent in operating

the vehicle because she failed to take measures to avoid the accident and/or contributed to the happening of the accident.

The respondents established that since Teleshova suddenly crossed over into Lisa Bergamini's lane of traffic, the emergency doctrine applies and Bergamini's actions must be judged in that context (*see, Turner v Mongitore,* 274 AD2d 512; *Bentley v Moore,* 251 AD2d 612, 613). The appellants, however, failed to raise an issue of fact as to whether Lisa Bergamini's reaction to the emergency was unreasonable, or if any negligence on her part prior to the cross-over contributed to bringing about the emergency (*see, Koch v Levenson,* 225 AD2d 592, 593; *Lackner v Roth,* 166 AD2d 686, 687; *Moller v Lieber,* 156 AD2d 434, 435). Accordingly, the respondents were entitled to summary judgment dismissing the complaints and all cross claims insofar as asserted against them. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.