■ BRENT ARROWITZ, an Infant, by His Mother and Natural Guardian, LINDA ARROWITZ, Respondent, v RAND ARROWITZ, Defendant, and NORTHERN WESTCHESTER HOSPITAL, Appellant. [719 NYS2d 115] —In an action to recover damages for personal injuries, the defendant Northern Westchester Hospital appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered February 3, 2000, which granted the plaintiff's motion for partial summary judgment on the issue of liability against it and denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries which he allegedly sustained when a vehicle operated by an employee of the appellant, Northern Westchester Hospital, crossed over onto the wrong side of the road and struck the vehicle in which the plaintiff was a passenger. The plaintiff established a prima facie case of negligence on the part of the appellant's employee (*see, Montero v Muller,* 269 AD2d 576; *Studnick v Selesnick,* 265 AD2d 321; *Cummins v Rose,* 185 AD2d 839; *Morowitz v Naughton,* 150 AD2d 536; *Tomaselli v Goldstein,* 104 AD2d 872). The burden then shifted to the appellant to demonstrate by admissible proof the existence of an exculpatory explanation for the collision (*see, Selimanjin v New York City Hous. Auth.,* 275 AD2d 408; *Studnick v Selesnick, supra; Viegas v Esposito,* 135 AD2d 708). The appellant failed to meet its burden of demonstrating by admissible proof the existence of a nonnegligent explanation for the head-on collision, or that its employee was not negligent in the happening of this accident as a matter of law. S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.