■ LORRAINE YOUTHKINS et al., Respondents, v ANTHONY D. CASCIO, Respondent, and LISA M. RUBIN, Appellant. [751 NYS2d 216] —In an action to recover damages for personal injuries, etc., the defendant Lisa M. Rubino, sued herein as Lisa M. Rubin appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated April 3, 2001, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In support of her motion for summary judgment, the defendant Lisa M. Rubino, sued herein as Lisa M. Rubin (hereinafter Rubino) established her entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar

as asserted against her by submitting evidence that she was confronted with an emergency condition (*see Goff v Goudreau,* 222 AD2d 650; *Mangano v New York City Hous. Auth.,* 218 AD2d 787, 788; *Glick v City of New York,* 191 AD2d 677, 678). In opposition, the plaintiffs submitted an expert affidavit which averred that Rubino was speeding, thereby making her a contributor to the accident. We find this expert affidavit to be insufficient. The expert's affidavit failed to provide any data upon which the opinion is based and is, therefore, speculative and conclusory (*see Terwilliger v Dawes,* 204 AD2d 433; *Bavaro v Martel,* 197 AD2d 813; *Levitt v County of Suffolk,* 145 AD2d 414). Accordingly, the Supreme Court should have granted Rubino's motion. Santucci, J.P., Feuerstein and Crane, JJ., concur.

Adams, J., dissents and votes to affirm the order insofar as appealed from with the following memorandum in which Schmidt, J., concurs: The plaintiff's expert, Nicholas Belizzi, a licensed engineer and accident analyst/reconstructionist, determined that Lisa M. Rubino, sued herein as Lisa M. Rubin (hereinafter Rubino) was traveling at a speed of 55 miles per hour at the time of impact with Youthkin's motorcycle. He further opined that had Rubino been traveling at a lesser rate of 40 miles per hour, she would have had ample time, distance, and opportunity to avoid the collision. In preparation for the report, Mr. Belizzi reviewed the parties' deposition testimony, the Department of Motor Vehicles Administrative Hearing transcript, the police accident report, with attached statements, the Detective Division supplemental report, and the death certificate. According to Belizzi, Rubino's rate of speed was calculated by examining: "the vehicle crush damage patterns to the vehicle involved, the point of impact between the Honda and the motorcycle driven by Mr. Youthkins, the initial traveling path directions of the vehicles and their positions on the roadway and the final resting position of the motorcycle driven by Mr. Youthkins and the Honda driven by Lisa Rubino."

Both Belizzi's report and Rubino's testimony that she was only traveling at a speed of 30-35 miles per hour in a 40 mile per hour zone, raise triable issues as to (1) the actual rate of speed Rubino was traveling, and (2) whether that speed was in violation of the posted speed limit and/or whether it affected her ability to control her vehicle under the circumstances.

Furthermore, in a case such as this involving a death, the plaintiff is not held to the high degree of proof required in a case where the injured plaintiff may take the stand and give his version of how the accident happened (*see Humphrey v*

*State of New York,* 60 NY2d 742; *Wingerter v State of New York,* 58 NY2d 848; *Noseworthy v City of New York,* 298 NY 76). Consequently, the Supreme Court properly denied Rubino's motion for summary judgment (*see Jennings v Schilling,* 202 AD2d 638; *Gaeta v Morgan,* 178 AD2d 732; *cf. Rivas v Metropolitan Suburban Bus Auth.,* 203 AD2d 349). The matter should be allowed to proceed to trial.