(August 18, 2003)

■ MARK BELLANTONE, Respondent, v TODDY TAXI, INC., Appellant, et al., Defendant. [763 NYS2d 494] —In an action to recover damages for personal injuries, the defendant Toddy Taxi, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated May 3, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against it, and (2) a judgment of the Supreme Court, Kings County (Martin, J.), entered July 23, 2002, as, upon the order and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $500,000 for past pain and suffering and $250,000 for future pain and suffering.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal terminated with entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellant's contention, the plaintiff demonstrated his entitlement to judgment as a matter of law by establishing that the defendant Abdul Choudhuri operated a vehicle owned by the appellant in a negligent manner when Choudhuri drove the vehicle over a cement median and crossed

directly into the plaintiff's lane of traffic causing a head-on collision (*see Turner v Mongitore,* 274 AD2d 512 [2000]; *Schmall v Ryder,* 262 AD2d 476 [1999]; *see also* Vehicle and Traffic Law § 1130). In response, the appellant failed to raise a triable issue of fact as to whether the plaintiff was negligent in some manner in the operation of his vehicle (*see Welch v Norman,* 282 AD2d 448 [2001]). Moreover, since Choudhuri indicated that the road was icy and it had been raining prior to the collision, the appellant cannot rely on either surprise or the emergency doctrine because the condition of the roadway was foreseeable (*see Caristo v Sanzone,* 96 NY2d 172 [2001]; *Gadon v Oliva,* 294 AD2d 397 [2002]).

The award of damages was not excessive. Prudenti, P.J., Altman, Smith and Adams, JJ., concur.