■ GERALD V. CAFFERY et al., Respondents, v BJY MATERIALS, INC., et al., Appellants, et al., Respondents. [784 NYS2d 559]—

In an action to recover damages for personal injuries, etc., the defendants BJY Materials, Inc., and Robert L. Ryan appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated September 18, 2003, which granted the motion of the plaintiff Gerald V. Caffery for summary judgment dismissing their counterclaim against him, granted the plaintiffs' separate motion for summary judgment against them on the issue of liability, and granted those branches of the respective motions of the defendants Frontier Communications, Inc., Central Hudson Gas & Electric Corporation, and Cablevision of Wappingers Falls, Inc., which were for summary judgment dismissing their cross claims for contribution and indemnification insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff driver, Gerald V. Caffery, established his entitlement to summary judgment dismissing the counterclaim of the defendants BJY Materials, Inc., and Robert L. Ryan (hereinafter the BJY defendants) for contribution and indemnification. He demonstrated that he was presented with an emergency situation when the tractor-trailer owned and operated by the BJY defendants suddenly crossed over into his lane of traffic and struck the van he was operating (*see Guevara v Zaharakis*, 303 AD2d 555 [2003]; *Stoebe v Norton*, 278 AD2d 484 [2000]). In opposition, the BJY defendants failed to raise a triable issue of

fact as to whether the plaintiff driver was negligent (*see Bentley v Moore*, 251 AD2d 612 [1998]). Accordingly, the Supreme Court properly granted the plaintiff driver's motion for summary judgment dismissing the counterclaim against him.

Moreover, since the plaintiffs established a prima facie case that the negligence of the BJY defendants caused the accident, and the BJY defendants failed to provide a non-negligent explanation for the happening of the accident, the Supreme Court properly granted the plaintiffs' separate motion for summary judgment against the BJY defendants on the issue of liability (*see Arrowitz v Arrowitz*, 279 AD2d 440 [2001]).

Finally, the Supreme Court properly granted those branches of the respective motions of the defendants Frontier Communications, Inc., Cablevision of Wappingers Falls, Inc. (hereinafter Cablevision), and Central Hudson Gas & Electric Corporation (hereinafter Central Hudson) which were for summary judgment dismissing the cross claims of the BJY defendants insofar as asserted against them. The record demonstrates the absence of any evidence that the utility poles and the wiring which belonged to these moving defendants were negligently positioned or that they caused or contributed to the accident. Indeed, there is no evidence that the wiring of Cablevision and Central Hudson ever came into contact with the truck owned and operated by the BJY defendants. Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.