■ MICHAEL JOHNSON, Respondent, v NATHANIEL DAVIS, Respondent, FRANK FERRARO et al., Appellants, et al., Defendant. [798 NYS2d 511]—

In an action to recover damages for personal injuries, the defendants Frank Ferraro and Frank P. Ferraro appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 15, 2004, which denied their motion for summary

judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff commenced this action to recover damages for the injuries he sustained when the vehicle owned by the defendant Frank P. Ferraro and operated by the defendant Frank Ferraro (hereinafter the Ferraro defendants), in which he was a passenger, was involved in an accident with a vehicle operated by the defendant Nathaniel Davis. Following discovery, the Ferraro defendants moved for summary judgment, and the Supreme Court denied the motion. We reverse.

The Ferraro defendants made a prima facie showing of their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by submitting evidence that the defendant Frank Ferraro was not negligent in his operation of the vehicle, and that the collision occurred when the Davis vehicle suddenly and without warning crossed over from the other side of the road into his lane of travel. In opposition, the plaintiff merely speculated that the defendant Frank Ferraro, when confronted with this emergency situation not of his own making, may unreasonably have failed to take some unspecified evasive action or may have contributed to the occurrence of the accident in some other manner. Since these speculative assertions failed to raise a triable issue of fact, the Supreme Court should have granted the motion of the Ferraro defendants for summary judgment (*see Caffery v BJY Materials, Inc.*, 11 AD3d 649 [2004]; *Baker v Staria*, 6 AD3d 639 [2004]; *Stoebe v Norton*, 278 AD2d 484 [2000]; *Williams v Econ*, 221 AD2d 429 [1995]). Krausman, J.P., Mastro, Rivera and Spolzino, JJ., concur.