■ JENNIFER GLICK et al., Appellants, v CITY OF NEW YORK, Defendant, and MURRAY L. EISENBERG, Respondent. [595 NYS2d 560] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Nahman, J.), dated November 27, 1990, which granted the motion of the defendant Murray L. Eisenberg for summary judgment dismissing the complaint insofar as it is asserted against him and any cross claims against him.

Ordered that the order is affirmed, with costs.

The plaintiff Jennifer Glick was traveling in a lane parallel to that in which the defendant Murray L. Eisenberg was

driving an opposite direction. The lanes were separated by a divider which was composed of a center of grass with a concrete curb on either side. Before the accident happened, Glick's vehicle left its lane, crossed the divider, and entered the Eisenberg's lane ahead of him. Glick's crossing over the divider and entering the lane going in the opposite direction on the other side of the divider was not foreseeable *(see, Breckir v Lewis,* 21 AD2d 546, *affd sub nom. Breckir v Pleibel,* 15 NY2d 1027). The result was an emergency situation and the actions of Eisenberg must be judged in that context *(see, Ferrer v Harris,* 55 NY2d 285; *Rossman v La Grega,* 28 NY2d 300; *Tenenbaum v Martin,* 131 AD2d 660; *Wolfson v Darnell,* 15 AD2d 516). Here, Eisenberg had traffic to his right and a highway divider to his left. His only recourse was to brake his vehicle in an attempt to slow or stop before he encountered Glick's vehicle. Under these circumstances, summary judgment was properly granted to Eisenberg. Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.