■ MAX GREIFER et al., Respondents-Appellants, v DANIEL SCHNEIDER et al., Defendants. HELEN LUCENA et al., Respondents-Appellants, v SHARON MISKIT et al., Appellants-Respondents. (And Three Other Titles.) [626 NYS2d 218] —In related actions to recover damages for personal injuries, wrongful death, and property damage, Julia Kerrigan and Sharon Miskit appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Stolarik, J.),

dated November 26, 1993, as denied their motion for summary judgment dismissing the complaints insofar as they are asserted against them, and Helen Lucena and Eleazar Lucena cross-appeal, and Max and Rhoda Greifer separately cross-appeal, from so much of the same order as denied their respective cross motions for summary judgment against the appellants-respondents.

Ordered that the order is modified by deleting the provision thereof which denied the motion of the appellants-respondents for summary judgment dismissing the complaints insofar as they are asserted against them, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the appellants-respondents, payable by the respondents-appellants appearing separately and filing separate briefs.

This appeal arises from a multi-vehicle accident which occurred on December 17, 1990, in Rockland County on Route 17, a four-lane road with two lanes northbound and two lanes southbound, divided only by a double yellow marked line. On the day of the accident Daniel Schneider was driving a 1981 Ford pickup truck in the northbound left lane. Mark S. Feinberg was driving a 1985 Oldsmobile sedan, owned by the appellant-respondent Sharon Miskit, and was proceeding in the southbound right-hand lane which was adjacent to a stone retaining wall. Max Greifer, Barry Helfer, Helen Lucena, and Barbara Nyberg were passengers in the Feinberg vehicle. An eyewitness to the accident, Stephen Molnar, was proceeding in the southbound left lane approximately 10 to 15 car lengths behind the Feinberg vehicle.

Molnar testified that just prior to the accident he noticed Schneider's truck move out of control and enter the right northbound lane, then quickly over-correct itself by whipping back into the left-hand northbound lane, and then immediately cross over the double yellow line, across the left southbound lane, and into the right southbound lane where it struck the Feinberg vehicle head-on and pushed it into the stone retaining wall. When he was asked how long a period of time elapsed between his first sighting of the Schneider vehicle and the point it impacted with the Feinberg vehicle, Molnar initially responded approximately four to five seconds elapsed, but thereafter Molnar consistently characterized this time period as "less than a second" or "a millisecond". Molnar also stated that he neither saw Feinberg's brake lights become

illuminated nor did it appear that the speed of the Oldsmobile changed prior to the point where it impacted with Schneider's pickup truck. As a result of the accident both Feinberg and Barbara Nyberg were killed and the other passengers were injured. None of the survivors have any memory of the accident particulars.

It is axiomatic that a driver is not required to anticipate that an automobile going in the opposite direction will cross over into oncoming traffic (see, Tenenbaum v Martin, 131 AD2d 660). Indeed, a cross-over scenario presents an emergency situation and the actions of a driver presented with such a situation must be judged in that context (see, Glick v City of New York, 191 AD2d 677, 678). We find that Feinberg was presented with an instantaneous cross-over emergency with virtually no time to react. In any event, in light of the fact that there was a stone wall to his right and Schneider's vehicle in front of him, Feinberg had no opportunity to avoid the oncoming vehicle.

Nor is there merit to the contention that Feinberg could have slowed his vehicle and avoided the accident. Even assuming that there was sufficient time for Feinberg to react and apply his brakes, under the emergency circumstances presented, Feinberg was not obligated to exercise his best judgment and any error in his judgment was not sufficient to constitute negligence (see, Moller v Lieber, 156 AD2d 434, 435). Moreover, it is unlikely that such braking action would have avoided the collision in view of the fact that Molnar stated that the pickup truck flipped on its side and continued northbound another 10 to 15 feet after the impact.

Accordingly, the appellants-respondents, Julia Kerrigan (the Administratrix of the Estate of Mark S. Feinberg) and Sharon Miskit, are entitled to summary judgment dismissing the complaints insofar as they are asserted against them as a result of this accident. Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.