536

PAUL BRABENDER, an Infant, by His Parent and Natural Guardian, RUDOLPH BRABENDER, et al., Respondents, v PAUL H. BROSSEAU et al., Appellants, et al., Defendants. [644 NYS2d 552]

In this personal injury action arising from an automobile accident, the appellants Paul H. Brosseau and his employer, Metropolitan Life Insurance Company, separately moved for summary judgment, claiming that Brosseau was presented with an emergency situation absolving him of any negligence as a matter of law (see, e.g., Greifer v Schneider, 215 AD2d 354; Glick v City of New York, 191 AD2d 677). We agree, however, with the Supreme Court's conclusion that the evidence submitted by the plaintiffs in opposition to the appellants' motions was sufficient to raise a triable issue of fact regarding Brosseau's conduct (see, Mollicone v Miller, 84 NY2d 835, revg 202 AD2d 886, on dissent of Yesawich Jr., J.).

We have considered the parties' remaining contentions and find them to be without merit or not properly before this Court. Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.

GERALD B. BURKHART et al., Respondents, v ROBERT L. GEORGE et al., Defendants, and WILLIAM J. SEITZ, Appellant. [644 NYS2d 773]

The issue before us is whether the appellant was a bona fide purchaser for value. The appellant acquired title to the subject property and recorded his deed after the plaintiffs filed a lis pendens on that property and commenced an action against him and the vendor, asserting their claims to the subject property. Accordingly, the appellant was not a bona fide purchaser for value (see, Morrocoy Marina v Altengarten, 120 AD2d 500). Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.