■ DIANE FALLACARO et al., Appellants-Respondents, v JANE McCHRIE-ROBINS, Respondent-Appellant, SUFFOLK COUNTY

TRANSPORTATION DIVISION et al., Respondents. [659 NYS2d 485] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 26, 1996, as denied their motion for partial summary judgment on the issue of liability against the defendant Jane McChrie-Robins, and the defendant Jane McChrie-Robins separately appeals from so much of the same order as granted the motion of the defendants Suffolk County Transportation Division and Joseph A. Cannizzaro, *inter alia,* for summary judgment dismissing her cross claim insofar as asserted against them, and from a judgment of the same court, entered July 3, 1996, upon the order, *inter alia,* dismissing the cross claim insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from by the plaintiffs; and it is further,

Ordered that the appeal of the defendant Jane McChrie-Robins from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants Suffolk County Transportation Division and Joseph A. Cannizzaro are awarded one bill of costs payable by the plaintiffs and the defendant Jane McChrie-Robins.

The appeal of the defendant Jane McChrie-Robins from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in favor of the defendants Suffolk County Transportation Division and Joseph A. Cannizzaro *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal of the defendant Jane McChrie-Robins from the order are brought up for review and have been considered on the appeal from the judgment.

The plaintiff Diane Fallacaro was a passenger in a car owned and driven by the defendant Jane McChrie-Robins when the car skidded into oncoming traffic and collided with a bus owned by the defendant Suffolk County Transportation Division and driven by the defendant Joseph A. Cannizzaro.

Given the circumstances of the accident, the Supreme Court properly concluded that issues of fact preclude granting summary judgment in favor of the plaintiffs and against McChrie-Robins *(see, Coury v Safe Auto Sales,* 32 NY2d 162; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; *Zimmerman v Spaziante,* 143 AD2d 745, 746; *Vadala v Carroll,* 91 AD2d 865, *affd* 59 NY2d 751; *see also,* PJI 2:84). The court also correctly concluded that Cannizzaro was presented with an emergency

cross-over situation, and that any error in his judgment cannot be deemed negligence *(see, Greifer v Schneider,* 215 AD2d 354; *Glick v City of New York,* 191 AD2d 677). McChrie-Robins cross claim against Cannizzaro and the Suffolk County Transportation Division was, therefore, properly dismissed *(see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629; *Kramme v Town of Hempstead,* 100 AD2d 447). Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.