■ CHRISTINE HENTSCHEL, Appellant, v ROBERT CAMPBELL CARPET SERVICES et al., Respondents. [682 NYS2d 417] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated March 6, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied without prejudice to renewal upon completion of discovery.

The plaintiff commenced the instant action to recover damages for personal injuries allegedly sustained when her vehicle was struck by a vehicle owned by the defendant Robert Campbell Carpet Services and operated by the defendant F.T. Gruber, Jr. The record establishes that the plaintiff's vehicle crossed into and came to rest in the lane of oncoming traffic, where it was struck by the defendants' vehicle. Before the plaintiff had an opportunity to depose Gruber, the defendants moved for summary judgment dismissing the complaint based upon the emergency doctrine. The Supreme Court granted the motion and dismissed the complaint.

Clearly, Gruber was faced with an emergency situation when the plaintiff's vehicle crossed into his lane of traffic and, therefore, his actions in response thereto must be judged in that context (*see, Bentley v Moore,* 251 AD2d 612; *Williams v Econ,* 221 AD2d 429; *Mangano v New York City Hous. Auth.,* 218 AD2d 787; *Greifer v Schneider,* 215 AD2d 354, 356; *Glick v City of New York,* 191 AD2d 677; *Moller v Lieber,* 156 AD2d 434). However, it is also true that "[i]f a driver's reaction to an emergency situation is found to have been unreasonable, the driver may still be found liable for the resulting accident" (*Smith v Brennan,* 245 AD2d 596; *see, Ferrer v Harris,* 55 NY2d 285, 293). Similarly, the emergency doctrine does not apply where prior tortious conduct of the party faced with the emergency situation contributed to bringing about the emergency, and thus indirectly caused the accident (*see, Mollicone v Miller,* 84 NY2d 835, *revg* 202 AD2d 886, on dissent of Yesawich Jr., J.; *Ferrer v Harris, supra; Brabender v Brosseau,* 228 AD2d 536).

In the instant case, the record contains no evidence as to whether Gruber's actions in response to the emergency situation were reasonable or whether any prior tortious conduct by

Gruber contributed to bringing about the emergency. Because these facts are within the exclusive knowledge of the defendants, we conclude that their motion for summary judgment should have been denied, without prejudice to renewal upon completion of discovery, including the completion of the plaintiff's deposition of Gruber (*see,* CPLR 3212 [f]). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.