■ DAVID RODRIGUEZ et al., Respondents, v SYLVIA SCHWARTZ, Defendant, and BRIAN J. McLAUGHLIN et al., Appellants. [684 NYS2d 579] —In an action to recover damages for personal injuries, etc., the defendants Brian Joseph McLaughlin and Frank Peter McLaughlin appeal from an order of the Supreme Court, Kings County (Barron, J.), dated May 14, 1998, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and the cross claim against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint insofar as asserted against the appellants and the cross claim are dismissed, and the action against the remaining defendant is severed.

A driver is not required to anticipate that an automobile traveling in the opposite direction will cross over into oncoming traffic (*see, Velez v Diaz*, 227 AD2d 615; *Greifer v Schneider*, 215 AD2d 354). "[A] cross-over scenario presents an emergency situation and the actions of a driver presented with such a situation must be judged in that context" (*Greifer v Schneider, supra*, at 356; *Fermin v Graziosi*, 240 AD2d 365; *Glick v City of New York*, 191 AD2d 677; *see also*, PJI 2:14). In this case, it is undisputed that the vehicle operated by the defendant Sylvia Schwartz suddenly attempted to make a U-turn across and into the opposite lane of traffic, and that the appellant Brian Joseph McLaughlin, who was driving a vehicle owned by the appellant Frank McLaughlin, had only about "a second" to react to the Schwartz vehicle coming into his lane of

traffic. The Schwartz vehicle collided with the McLaughlin vehicle, causing it to collide with the vehicle operated by the plaintiff David Rodriguez. Under these circumstances, any possible negligence on the part of Brian Joseph McLaughlin was not a proximate cause of the accident (*see, Velez v Diaz, supra*). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.