■ YOLANDA CAMAS, Respondent-Appellant, v FERMIN CASTELLANOS, Defendant, and DARYOUSH LARIZADEH, Appellant-Respondent. [688 NYS2d 656] —In an action to recover damages for personal injuries, (1) the defendant Daryoush Larizadeh appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated April 28, 1998, as, in effect, denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the order as denied that branch of her cross motion which was to compel discovery of a statement made by the defendant Daryoush Larizadeh to his insurance company after the accident.

Ordered that the order is reversed insofar as appealed from by the defendant Daryoush Larizadeh, and his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted; and it is further,

Ordered that the cross appeal is dismissed as academic in light of the determination of the appeal; and it is further,

Ordered that the defendant Daryoush Larizadeh is awarded one bill of costs.

The plaintiff commenced this action to recover damages she allegedly sustained when the car in which she was a passenger crossed over into a lane of oncoming traffic and was struck by a car operated by the defendant Daryoush Larizadeh.

The Supreme Court improperly denied Larizadeh's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him based upon the emergency doctrine. Larizadeh was faced with an emergency situation when the car in which the plaintiff was a passenger crossed over into his lane of traffic (see, Greifer v Schneider, 215 AD2d 354, 356; Fermin v Graziosi, 240 AD2d 365; Glick v City of New York, 191 AD2d 677). The defendant Fermin Castellanos, the driver of the vehicle in which the plaintiff was a passenger, testified that "[e]verything happened in an instant", and that his vehicle was stopped for "a second" or "[j]ust seconds" before it was hit by Larizadeh's vehicle. The actions

of a driver presented with such a situation must be judged in this context (*see, Greifer v Schneider, supra; Fermin v Graziosi, supra*). Larizadeh's response to the emergency, hitting the brakes and turning his car to the right, was reasonable. Therefore, Larizadeh was entitled to summary judgment dismissing the complaint and cross claims insofar as asserted against him (*see, Velez v Diaz*, 227 AD2d 615, 616; *Williams v Econ*, 221 AD2d 429, 430; *Greifer v Schneider, supra*, at 356; *Moller v Lieber*, 156 AD2d 434; *see also, Mangano v New York City Hous. Auth.*, 218 AD2d 787).

In light of our determination on the appeal, the cross appeal is dismissed as academic. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.