■ JANET COHEN, Appellant, v LISA STANLEY et al., Defendants, and KATHY J. DESTEFANO et al., Respondents. [690 NYS2d 736] —In an action to recover damages for personal injuries and wrongful death, the plaintiff, as executrix of the estates of Francis John Jacobiak and Dolores Jacobiak, appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 8, 1998, which (1) granted the motion of the defendant Kathy J. DeStefano for summary judgment dismissing the complaint insofar as asserted against her, and (2) granted the plaintiff's cross motion for summary judgment dismissing

all counterclaims insofar as asserted against her as executrix of the estate of Francis John Jacobiak.

Ordered that the appeal from so much of the order as granted the plaintiff's cross motion for summary judgment dismissing all counterclaims asserted against her as executrix of the estate of Francis John Jacobiak is dismissed, as the plaintiff is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent Kathy J. DeStefano is awarded one bill of costs.

In this multi-vehicle accident, the vehicle owned by the defendant Lisa Stanley crossed over a double yellow line from the left eastbound lane of Route 25 and collided head-on with a vehicle driven by Francis John Jacobiak in the left westbound lane. The Jacobiak vehicle struck a vehicle driven by the defendant Kathy J. DeStefano, which was travelling in the right westbound lane. A fourth vehicle, driven by the defendant Virginia Mills, which was in the left westbound lane immediately behind the Jacobiak vehicle, collided with the Jacobiak vehicle.

The Supreme Court properly granted DeStefano's motion for summary judgment dismissing the complaint insofar as asserted against her. DeStefano was not required to anticipate that a vehicle would cross over into oncoming traffic. Since she was presented with an emergency situation, her actions must be judged in that context, and she was not obligated to exercise her best judgment (*see, Fermin v Graziosi,* 240 AD2d 365; *Greifer v Schneider,* 215 AD2d 354; *see also, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327). The record, which included DeStefano's sworn statement to the police on the date of the accident, five sworn statements from eyewitnesses and the police report, demonstrated that DeStefano's response to the emergency situation was reasonable (*see, Fermin v Graziosi, supra; Wright v Morozinis,* 220 AD2d 496; *cf., Hentschel v Campbell Carpet Servs.,* 256 AD2d 500).

The plaintiff's contention that DeStefano's motion should have been denied because DeStefano had exclusive knowledge of the facts is without merit, considering that there were several consistent eyewitness accounts of the accident. In any event, the record reveals that the plaintiff failed to take reasonable steps to discover facts which would give rise to a triable issue (*see, Cruz v Otis El. Co.,* 238 AD2d 540; *Delaney v Good Samaritan Hosp.,* 204 AD2d 678). O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.