■ JAMES PAWLUKIEWICZ, Appellant, v MARIE N. BOISSON et al., Defendants, and INGVER A. NELSON, Respondent. (Action No. 1.) HERSON ASCENCIO et al., Plaintiffs, v MARIE N. BOISSON et al., Defendants. (Action No. 2.) [713 NYS2d 66] —In two related actions to recover damages for personal injuries, the plaintiff in Action No. 1 appeals from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated April 28, 1999, as granted that branch of the motion of the defendant Ingver A. Nelson which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in Action No. 1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff in Action No. 1, James Pawlukiewicz, was a passenger in a vehicle that crossed over into the oncoming lane of traffic and collided head-on with a vehicle being driven by the defendant Ingver A. Nelson. He thereafter commenced this action against, among others, Nelson. After issue was joined and various disclosure completed, Nelson moved, *inter alia,* for summary judgment dismissing the complaint and all cross claims in Action No. 1 insofar as asserted against him based on the emergency doctrine. We now affirm the Supreme Court's grant of such relief.

Nelson, who was not required to anticipate that the vehicle in which the appellant was riding would cross over into his lane of travel, was presented with an emergency situation and his actions must be judged in that context (see, Fermin v Graziosi, 240 AD2d 365; Williams v Econ, 221 AD2d 429; Greifer v Schneider, 215 AD2d 354). On the record presented, which includes, inter alia, the deposition testimony of all drivers involved in the accident, it is clear that, given the lack of time for Nelson to react and to avoid the oncoming vehicle, his actions were reasonable, as a matter of law (see, Fermin v Graziosi, supra; Williams v Econ, supra; Greifer v Schneider, supra). Thus, he was properly granted summary judgment dismissing the complaint and all cross claims in Action No. 1 insofar as asserted against him. Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.