■ JAMES PAWLUKIEWICZ, Respondent, v MARIE N. BOISSON et al., Defendants, and KENT S. RYDBERG, Appellant. (And a Related Action.) [712 NYS2d 634] —In an action to recover damages for personal injuries, the defendant Kent S. Rydberg appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated June 9, 1999, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle driven by the defendant Patrick Taylor which crossed over into the oncoming lane of traffic and collided head on with a vehicle being driven by the defendant Ingver A. Nelson. The plaintiff was ejected from Taylor's vehicle. The defendant Kent S. Rydberg, who was driving behind Nelson, drove through a space that opened up between the Taylor and the Nelson vehicle, and his vehicle allegedly came into contact with the plaintiff who was then in his path of travel. After issue was joined and various disclosure completed, Rydberg moved for summary judgment dismissing the complaint insofar as asserted against him based on the emergency doctrine. Rydberg argued that the accident created an emergency situation, and that his actions were reasonable under the circumstances. We affirm the Supreme Court's denial of summary judgment.

The emergency doctrine recognizes that when an actor is faced with a sudden and unexpected circumstance not of his or her own making, which leaves little or no time for thought, deliberation, or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may

not be held negligent if the actions taken are reasonable and prudent in the emergency context, even if it later appears that the actor made a wrong decision (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *see also, Kuci v Manhattan & Bronx Surface Tr. Operating Auth.,* 88 NY2d 923). "This is not to say that an emergency automatically absolves one from liability for his conduct. The standard then still remains that of a reasonable man under the given circumstances, except that the circumstances have changed" (*Ferrer v Harris,* 55 NY2d 285, 293). Here, Rydberg, unlike Nelson, was not directly confronted by the Taylor vehicle as it crossed over into oncoming traffic, a situation that Nelson was not required to anticipate and which presented Nelson with an emergency situation (*see, Greifer v Schneider,* 215 AD2d 354; *see also, Fermin v Graziosi,* 240 AD2d 365; *Glick v City of New York,* 191 AD2d 677). Rather, whether Rydberg had little or no time for thought, deliberation, or consideration before coming upon the accident scene and allegedly striking the plaintiff, or was unable to weigh alternative courses of conduct before acting, requires consideration of, *inter alia,* the distance and speed at which Rydberg chose to follow the Nelson vehicle (*see, Mead v Marino,* 205 AD2d 669; *Pincus v Cohen,* 198 AD2d 405). By statute, Rydberg was obliged to maintain a reasonable and prudent distance from the Nelson vehicle, with due regard for traffic and weather conditions (*see,* Vehicle and Traffic Law § 1129 [a]). Further, he was obliged to see that which he should have seen with the proper use of his senses (*see, Mohamed v Frische,* 223 AD2d 628). Thus, a reasonable jury could conclude that the emergency doctrine is not applicable (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, *supra; Herbert v Morgan Drive-A-Way,* 84 NY2d 835).

Further, assuming that the emergency doctrine is applicable, Rydberg's motion was still properly denied. In various sworn statements, Rydberg asserted that at the time of the collision he was traveling in a four-wheel-drive vehicle at a speed of approximately 15 miles per hour and was two to three car lengths behind the Nelson vehicle. Assuming that these allegations are credited, it cannot be said, as matter of law, that a reasonable jury could not conclude that Rydberg's failure or inability to stop or turn his vehicle before coming upon the accident scene and allegedly coming into contact with the plaintiff was unreasonable, even under emergency circumstances (*cf., Danza v Longieliere,* 256 AD2d 434; *Mascitti v Greene,* 250 AD2d 821; *DiPaola v Scherpich,* 239 AD2d 459). In sum, whether Rydberg was negligent and, if so, whether such negligence was a proximate cause of the injuries alleged, present issues of fact for the jury. Ritter, J. P., S. Miller and Goldstein, JJ., concur.

Santucci, J., dissents and votes to reverse the order appealed from and grant the appellant's motion for summary judgment with the following memorandum: I dissent. In my opinion the record does not demonstrate any material issue of fact with respect to the alleged negligence of the appellant, Kent S. Rydberg.

This action arose out of a three-car accident which occurred on County Road 39 in Southampton. The plaintiff was a passenger in the vehicle operated by the defendant Patrick G. Taylor. The vehicle operated by Taylor crossed over from its westbound lane of travel into the oncoming eastbound lane and struck the vehicle operated by the defendant Ingver A. Nelson head-on. As a result of the impact, the plaintiff was ejected from the Taylor vehicle and landed on the roadway directly in the path of Rydberg's vehicle, which was traveling in the eastbound lane behind the Nelson vehicle. At the time of the accident the roadway was covered with "black ice".

It is clear that Rydberg was faced with an emergency situation when the two vehicles collided directly in front of him and the plaintiff's body was ejected into his path (*see, Greifer v Schneider*, 215 AD2d 354, 356; *Fermin v Graziosi*, 240 AD2d 365; *Glick v City of New York*, 191 AD2d 677). In addition, Rydberg testified that he was operating his vehicle at only 15 miles per hour while constantly remaining three car lengths behind defendant Nelson's vehicle. After the impact between the Taylor and Nelson vehicles, Rydberg "maintained my position in my lane" and drove straight through the space that opened up between the two vehicles. He further testified that "a second" elapsed between the time he observed the two vehicles collide in front of him and the time he allegedly passed over the plaintiff's body lying in the roadway.

Under these circumstances, Rydberg was faced with an instantaneous emergency situation, not of his own making, and in which he had only an instant to react. Accordingly, there is no basis to find him at fault for the plaintiff's injuries (*see, Williams v Econ*, 221 AD2d 429). Mere speculation that Rydberg may have failed to take some unspecified accident-avoiding measures or that he contributed to the occurrence of the accident in some other fashion is insufficient to defeat a motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Bavaro v Martel*, 197 AD2d 813; *Roman v Vargas*, 182 AD2d 543). Moreover, a driver is not required to exercise his best judgment in response to an emergency and any error in judgment is not sufficient to constitute negligence (*see, Ferrer v Harris*, 55 NY2d 285).

Therefore, Rydberg's motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted.