■ KEVIN WONG, an Infant, by His Mother and Natural Guardian, ROWTHEE WONG, et al., Appellants, v LLOYD WONG, Appellant, and DALE BURRELL et al., Respondents. [721 NYS2d 71] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Giaccio, J.), dated October 5, 1999, as granted those branches of the separate motions of the defendants Dale Burrell and Antonio Hernandez and the defendant Karen Esperto which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of a judgment of the same court, entered November 17, 1999, upon the order, as dismissed the complaint insofar as asserted against the defendants Dale Burrell, Antonio Hernandez, and Karen Esperto. The defendant Lloyd Wong separately appeals from so much of the judgment as dismissed his cross claims against the defendants Dale Burrell and Antonio Hernandez.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly determined that the accident was not attributable to any actions of the respondents (*see, Cohen v Stanley,* 262 AD2d 264; *Hassett v Budget Rent A Car,* 209 AD2d 472). The affidavit of the plaintiff Kevin Wong and the deposition testimony of the defendant Lloyd Wong, submitted in opposition to the respondents' prima facie showing of entitlement to judgment dismissing the complaint and the cross claims insofar as asserted against them as a matter of law, were insufficient to raise a triable issue of fact (*see, Califano v Campaniello,* 243 AD2d 528; *Gantt v County of Nassau,* 234 AD2d 338). Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.