■ LEE SUMMERS et al., Appellants, v BRENTON S. STEDFORD, Respondent. [749 NYS2d 898] —In an action to recover damages for personal injuries, etc., the plaintiff Lee Summers appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated October 16, 2001, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by him, and the plaintiff Brenda Drew appeals from the same order.

Ordered that the appeal by the plaintiff Brenda Drew is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Lee Summers, on the law, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Lee Summers is denied without prejudice to renewal upon the completion of discovery; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Lee Summers.

In support of his motion for summary judgment, the defendant relied upon the deposition testimony of the plaintiff Lee Summers and of a nonparty witness. Even assuming that those submissions established that the defendant was faced with an emergency when Summers allegedly veered his bicycle into the path of his oncoming vehicle, they were insufficient to demonstrate the defendant's entitlement to judgment as a matter of law. The record contains no evidence as to whether the defendant's actions in responding to the emergency were reasonable under the circumstances, and there is conflicting evidence as to whether any prior tortious conduct of the defendant contributed toward creating the emergency situation (*see McNally v Fitzgerald,* 260 AD2d 355; *Hentschel v Campbell*

*Carpet Servs.,* 256 AD2d 500). Accordingly, the defendant's motion should have been denied without prejudice to renewal upon the completion of discovery, including the transcription of the defendant's own deposition testimony (*see McNally v Fitzgerald, supra; Hentschel v Campbell Carpet Servs., supra*). O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.