■ Iraida Rosa et al., Respondents, v Anthony P. Averso, Appellant. [759 NYS2d 526] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated December 20, 2002, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs were traveling eastbound in the right-hand lane of Route 17 in Sullivan County when an unidentified vehicle struck their vehicle in the rear and caused the driver of the plaintiffs' vehicle to lose control. The plaintiffs' vehicle then moved from the right lane toward the left lane, eventually striking the guardrail separating the eastbound and westbound lanes of traffic. Thereafter, the defendant's vehicle struck the

driver's side portion of the fender of the plaintiffs' vehicle. The plaintiffs' vehicle was broadside ahead of the defendant's vehicle in his lane of traffic at the time of the accident. The defendant moved for summary judgment dismissing the complaint. However, the motion was made eight days after the expiration of the 90-day period for filing dispositive motions, as required under the terms of the preliminary conference order. The Supreme Court denied the motion.

The motion was properly before the Supreme Court, since a court has wide latitude in considering an untimely summary judgment motion and the plaintiffs did not demonstrate that they would suffer any prejudice from the defendant's eight-day delay (*see Chambers v Maury Povich Show,* 285 AD2d 440 [2001]).

Further, a driver in the defendant's situation cannot be reasonably expected to anticipate that an automobile will surge across the highway and go directly into his path (*see Fallacaro v McChrie-Robins,* 240 AD2d 620 [1997]; *Wright v Morozinis,* 220 AD2d 496 [1995]). Under the circumstances, the defendant demonstrated that the accident was an unavoidable occurrence over which he had no control. Although the plaintiffs maintained that the defendant's vehicle initially struck their vehicle in the rear and caused their vehicle to lose control, this claim was speculative, since the plaintiffs testified at their respective depositions that they did not see the vehicle which initially struck their vehicle. Accordingly, the defendant demonstrated his prima facie entitlement to summary judgment, and the plaintiffs failed to raise a triable issue of fact. Therefore, the motion for summary judgment should have been granted. Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.