■ MARGARET JACINO et al., Respondents, v WENDY S. SUGER-MAN et al., Appellants, and DONNA R. COLASURDO, Defendant and Third-Party Plaintiff-Respondent. MITSUBISHI MOTORS CREDIT OF AMERICA, INC., Third-Party Defendant-Appellant. [781 NYS2d 663]—

In an action to recover damages for personal injuries, etc., the defendants Wendy S. Sugerman and Barry Price appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Queens County (Hart, J.), dated September 4, 2003, as, after a jury trial on the issue of liability, and upon the granting of the motion of the defendant third-party plaintiff pursuant to CPLR 4401 to dismiss the complaint and all cross claims insofar as asserted against her for failure to establish a prima facie case, directed the Clerk of the Supreme Court, Queens County, to enter a verdict on the issue of liability in favor of the plaintiffs and against them, and the defendant third-party defendant appeals, as limited by its brief, from so much of the same judgment as added it as a defendant in the main action for the purpose of the liability phase of the trial and as is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with one bill of costs payable by the appellants to the respondents appearing separately and filing separate briefs.

The subject accident occurred at approximately 2:00 P.M. on January 8, 1995, a bright and sunny day. A vehicle driven by the defendant third-party plaintiff, Donna R. Colasurdo, collided with a vehicle driven by the defendant Wendy S. Sugerman, leased by the defendant Barry Price, and owned by the defendant third-party defendant Mitsubishi Motors Credit of America, Inc. (hereinafter Mitsubishi). The plaintiff Margaret Jacino was a passenger in the Sugerman vehicle. At the trial on the issue of liability, Sugerman testified that she was parked in

a parking space on Braddock Avenue, a commercial street in Queens. There were two lanes of moving traffic in her direction as well as a left turning lane. As she "edged" out of the parking space, a van double parked one-half car length behind her obscured her vision of what was behind her. She looked at her side-view mirror but could only see the double-parked van.

Sugerman testified that she drove at a speed of seven to eight miles per hour out of the parking space into the lane adjacent to the parked cars. Her intention was to cross over into the left-hand turning lane. As she was clearing the front of the van she saw the vehicle driven by Colasurdo, which collided with the driver's side of her vehicle. The impact was a broadside on the driver's door since Sugerman was proceeding at an angle.

At the trial, Colasurdo testified that she was traveling straight on Braddock Avenue, westbound in the left lane. She claimed that her speed was between 15 and 20 miles per hour in light traffic. Colasurdo did not see any double-parked vehicles. From one-half block away, she saw a woman entering a parked vehicle located in a parking space which was later identified as the vehicle driven by Sugerman. According to Colasurdo, in a "split-second" Sugerman drove across the road in an apparent attempt to make a U-turn into the eastbound lanes. Colasurdo braked hard and "must have" sounded her horn but did not swerve to avoid colliding with Sugerman's vehicle. Colasurdo was not sure whether Sugerman's vehicle was entirely in the left westbound lane at the time of impact.

Jacino's deposition testimony, which was introduced in evidence at the trial, indicated that there was a double-parked car behind them. According to Jacino the vehicle driven by Sugerman was moving at a 45-degree angle when the accident occurred.

At the trial, after Sugerman rested but before Colasurdo rested, Colasurdo moved pursuant to CPLR 4401 to dismiss the complaint and cross claims. The Supreme Court granted the motion on the ground that Colasurdo had the right-of-way. We note that a better practice would have been to allow the case to go to the jury and entertain motions for judgment as a matter of law after the jury rendered a verdict (see CPLR 4404). There is little to gain and much to lose by granting the motion for judgment as a matter of law after much of the evidence has been submitted to the jury and before the jury has rendered a verdict (see Siegel, NY Prac § 405 [3d ed]; Rosario v City of New York, 157 AD2d 467, 472 [1990]). If the appellate court disagrees, there is no verdict to reinstate and the trial must be repeated. "[T]he better practice is to submit the case to the jury

which, in some instances, may obviate" the need for a motion by returning a defendant's verdict (*Rosario v City of New York, supra* at 472).

Nevertheless, Colasurdo was entitled to judgment as a matter of law. If one accepts Sugerman's version of the events as true, she proceeded into the moving lanes of traffic at an angle without ascertaining what traffic was behind her, in violation of Vehicle and Traffic Law § 1128 (a) (*see Calandra v Dishotsky*, 244 AD2d 376 [1997]). Her claim that her view was blocked by a parked car did not constitute justification for her conduct (*see Palumbo v Holtzer*, 235 AD2d 409 [1997]). Accordingly, the presence or absence of a double-parked car is not relevant to the determination of whether Sugerman violated Vehicle and Traffic Law § 1128 (a).

Under either version of the facts presented at the trial, Colasurdo had the right-of-way and was entitled to anticipate that Sugerman would obey traffic laws which required her to yield (*see Russo v Scibetti*, 298 AD2d 514 [2002]; *Batal v Associated Univs.*, 293 AD2d 558, 559 [2002]; *Cenovski v Lee*, 266 AD2d 424 [1999]). Sugerman's conduct created an emergency situation that was not of Colasurdo's making (*see Pawlukiewicz v Boisson*, 275 AD2d 445, 446 [2000]).

Sugerman's allegation that Colasurdo contributed to the emergency situation by traveling at an excessive rate of speed is speculation (*see Michel v Gressier*, 298 AD2d 507, 508 [2002]). Colasurdo testified without contradiction that at the time of the accident she was traveling at 15 to 20 miles per hour, substantially slower than the speed limit, in good weather conditions (*see Rowe v Harrison*, 303 AD2d 863 [2003]).

At the trial, Sugerman characterized Colasurdo's speed as "fast." However, her characterization could not have been based upon personal knowledge or observations since she acknowledged that she did not see Colasurdo's vehicle before impact. Accordingly, her opinion constituted speculation (*see Soto v New York City Tr. Auth.*, 295 AD2d 419, 421 [2002]; *McClelland v Seery*, 261 AD2d 451 [1999]).

Since Colasurdo was confronted with an emergency not of her making, an error in judgment in responding to the emergency would be insufficient to defeat Colasurdo's motion for judgment as a matter of law (*see e.g. Burnell v Huneau*, 1 AD3d 758, 761 [2003]; *Pressner v Serrano*, 260 AD2d 458, 459 [1999]). In any event, there is no evidence in this record that Colasurdo was guilty of an error in judgment or had any time to take evasive action (*see Espinoza v Loor*, 299 AD2d 167, 168 [2002]). It is clear that, given the lack of time for Colasurdo to react, her ac-

tions were reasonable as a matter of law (*see Pawlukiewicz v Boisson, supra* at 446). Sugerman's contention that since Colasurdo had time to brake and blow her horn, she also had time to contemplate other evasive action such as safely swerving into another lane is pure speculation (*see Dearden v Tompkins County*, 6 AD3d 783 [2004]; *Pena v Santana*, 5 AD3d 649 [2004]; *Burnell v Huneau, supra* at 761).

There is no competent evidence of negligence on the part of Colasurdo or Jacino (*see Mora v Garcia*, 3 AD3d 478 [2004]; *Rieman v Smith*, 302 AD2d 510 [2003]). Accordingly, the Supreme Court properly awarded the plaintiffs judgment as a matter of law against Sugerman, Price, and Mitsubishi, who were vicariously liable for Sugerman's negligence, and properly dismissed the complaint and all cross claims against Colasurdo.

Mitsubishi's contention that the Supreme Court improperly added it as a defendant in the main action for the purpose of the liability phase of the trial is unpreserved for appellate review (*see Cullen v Naples*, 31 NY2d 818 [1972]; *Estate of Menon v Menon*, 303 AD2d 622 [2003]).

The parties' remaining contentions are without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.