■ ELLEN BENDER, Respondent, v ALLAN GROSS et al., Appellants. [822 NYS2d 275]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 25, 2005, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff sustained serious personal injuries when the motorcycle she was operating crossed over a double yellow line into the lane of oncoming traffic and struck the vehicle driven by defendant Allan Gross (the driver). Plaintiff commenced this action against defendants, alleging that the driver failed to take reasonable evasive action to avoid the accident. Supreme Court denied defendants' motion for summary judgment dismissing the complaint, finding a triable issue of fact existed regarding whether the driver could have avoided the accident. We reverse.

Defendants made a prima facie showing of entitlement to judgment as a matter of law by establishing that the driver was confronted by an emergency situation and that he acted reasonably in the context thereof (see Studer v Whitsell, 302 AD2d 1009 [2003]; Camas v Castellanos, 260 AD2d 593 [1999], lv

*denied* 93 NY2d 815 [1999]; *see generally Caristo v Sanzone*, 96 NY2d 172, 174 [2001]). The driver's deposition testimony established that he first observed plaintiff when she was coming around a curve in the roadway approximately 40 to 50 yards ahead of the driver's vehicle. The driver believed that plaintiff was traveling at an excessive rate of speed and had lost control of the motorcycle. Once plaintiff crossed into the driver's lane of travel, the driver moved his vehicle to the right, bringing it to a stop in close proximity to a guardrail. The driver's testimony indicated that only a matter of seconds passed between the time he first observed plaintiff and the collision that ensued.

In opposition, plaintiff failed to raise a triable issue of fact. Indeed, the affidavit of plaintiff's accident reconstruction expert was conclusory in every relevant respect and thus should have been disregarded entirely (*see Murphy v Conner*, 84 NY2d 969, 972 [1994]). Accordingly, the affidavit was insufficient to demonstrate the existence of a triable issue of fact regarding the reasonableness of the response of the driver in light of the emergency presented. Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.