■ AMANDA HONOLD, Appellant, v CHRISTOPHER M. KARWOWSKI et al., Respondents. [998 NYS2d 666]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated October 3, 2013, as granted that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Under the emergency doctrine, 'when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Miloscia v New York City Bd. of Educ.*, 70 AD3d 904, 905 [2010], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). "This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances" (*Ferrer v Harris*, 55 NY2d 285, 293 [1982]; *see Pawlukiewicz v Boisson*, 275 AD2d 446, 447 [2000]). "A driver is not obligated to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic [and] [s]uch an event constitutes a classic emergency situation, thus implicating the emergency doctrine" (*Ardila v Cox*, 88 AD3d 829, 830 [2011], quoting *Gajjar v Shah*, 31 AD3d 377, 377-378 [2006] [internal quotation marks omitted]).

The defendants established, prima facie, that the defendant driver was presented with an emergency situation not of his own making when the plaintiff's vehicle crossed over into his lane of traffic, and that he acted reasonably in response to that emergency (*see Levine v Li-Heng Chang*, 56 AD3d 530 [2008]; *Gajjar v Shah*, 31 AD3d 377 [2006]; *Eichenwald v Chaudhry*, 17 AD3d 403 [2005]; *Fermin v Graziosi*, 240 AD2d 365 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendants' renewed motion which was for summary judgment dismissing the complaint. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.