■ Orest Pripkhan, Appellant, v Sharon Karmon, M.D., et al., Respondents. [34 NYS3d 449]—

Order, Supreme Court, New York County (Douglas E. McKeon, J.), entered on or about May 7, 2015, which granted the motion of defendants physicians and hospital (collectively medical defendants) and the motion of defendants William J. Weber and The New York Fellowship, Inc. (collectively Weber) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The medical defendants established their entitlement to judgment as a matter of law in this action where plaintiff was injured when, while walking on the highway, he was struck by a vehicle driven by Weber. As a result of the accident, plaintiff's right leg was crushed and was ultimately amputated below the knee. The medical defendants submitted evidence, including

expert affirmations, demonstrating that the treatment provided to plaintiff comported with good and accepted medical practice (*see e.g. Pullman v Silverman*, 125 AD3d 562 [1st Dept 2015]).

In opposition, plaintiff submitted the conclusory affirmation of an expert, which was insufficient to raise an issue of fact (*see Abalola v Flower Hosp.*, 44 AD3d 522 [1st Dept 2007]). The expert opined that the medical defendants' failure to timely change plaintiff's antibiotic from Zosyn to a fluoroquinolone caused plaintiff's amputation. However, the expert did not address the specific assertions of the medical defendants' experts that an organism is often sensitive to more than one antibiotic, that the choice of an antibiotic is a matter of physician judgment (*see Park v Kovachevich*, 116 AD3d 182, 190 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014]), and that the medical defendants were not required to switch antibiotics sooner because Zosyn contained the infection and was therefore effective against E. coli, the only organism that appeared on plaintiff's wound cultures.

Plaintiff's expert also failed to address the conclusions of the medical defendants' experts as to causation (*see Giampa v Marvin L. Shelton, M.D., P.C.*, 67 AD3d 439 [1st Dept 2009]). Plaintiff's claim that he would not have elected to amputate if he had received a fluoroquinolone earlier, is speculative and unsupported by the record (*see Rodriguez v Montefiore Med. Ctr.*, 28 AD3d 357 [1st Dept 2006]).

Furthermore, dismissal of the complaint as against Weber was proper since Weber's testimony established that he was driving his vehicle in a non-negligent manner at 30 miles per hour, when the severely intoxicated plaintiff suddenly appeared in his lane of traffic (*see Brown v Muniz*, 61 AD3d 526 [1st Dept 2009], *lv denied* 13 NY3d 715 [2010]). The emergency situation of plaintiff's sudden appearance in Weber's lane of traffic left Weber without time to sound his horn, apply his brakes, or even swerve to avoid hitting plaintiff, since only two to three seconds had elapsed from the time Weber saw plaintiff to the time of impact (*see Bender v Gross*, 33 AD3d 417 [1st Dept 2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.