Dushaj v Martinez (2024 NY Slip Op 01608)

Dushaj v Martinez

2024 NY Slip Op 01608

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Kapnick, J.P., Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 152235/19 Appeal No. 1902 Case No. 2023-03870 

[*1]Gjergj Dushaj, Plaintiff-Appellant,
v
Rodolfo A. Martinez, Defendant-Respondent.

Davidoff Law, P.C., Forrest Hills (Mark Peter Getzoni of counsel), for appellant.
Hagelin Spencer LLC, Buffalo (Michael J. Mernin of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered December 28, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established his entitlement to judgment as a matter of law through his testimony that, as he was driving within the speed limit, plaintiff stepped out from behind a parked car into the path of his vehicle, creating an emergency situation that he was unable to avoid by hitting his brakes (see Pripkhan v Karmon, 140 AD3d 634, 635 [1st Dept 2016]; Brown v Muniz, 61 AD3d 526, 527 [1st Dept 2009], lv denied 13 NY3d 715 [2010]). Defendant's testimony also showed that the accident occurred past the intersection where pedestrians were supposed to cross and that he acted reasonably in trying to avoid hitting plaintiff (see Jellal v Brown, 37 AD3d 179, 179 [1st Dept 2007]). Contrary to plaintiff's assertion, defendant did not have to establish the exact amount of time that passed from when he first saw plaintiff to when the accident occurred. In any event, the motion court's finding that "two to three seconds" had passed from when defendant saw plaintiff to the time of impact was proper based on defendant's testimony (see Brown, 61 AD3d at 527).
In opposition, plaintiff failed to raise a triable issue of fact. Notably, his affidavit contradicted his deposition testimony that he had no recollection of the accident (see Lupinsky v Windham Constr. Corp., 293 AD2d 317, 318 [1st Dept 2002]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024