Smalls v Finegold (2025 NY Slip Op 02024)

Smalls v Finegold

2025 NY Slip Op 02024

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 22564/15|Appeal No. 4023|Case No. 2024-00697|

[*1]Shauna Smalls, as Administratrix of the Estate of Brian Smalls, et al., Plaintiffs-Appellants,
v
Jonathan Finegold, M.D., et al., Defendants-Respondents, Rathindra Banik, M.D., et al., Defendants.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola (Theodore McKinley Thornton of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Alejandra R. Gil of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about January 2, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Jenifer Johnson, M.D., Ronald Dennett, M.D., and Westmed Medical Group, P.C. for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In this medical malpractice action, plaintiff asserts that defendants departed from the standard of care by failing to refer the decedent to a gastroenterologist on an urgent basis in order to diagnose the decedent's small bowel cancer despite his blood work having recently revealed anemia. According to plaintiff, as a result of defendants' delay, the decedent's cancer progressed to stage IV, with metastases and a worsened prognosis.
Defendants' expert opined that the decedent's iron-deficiency anemia did not require an urgent referral because his hemoglobin and hematocrit values were only slightly below normal, not constituting a serious condition, and anemia is most often caused by nutritional deficiencies. Furthermore, defendants' expert opined that decedent's presentation did not indicate a small bowel obstruction, and there was no reason to suspect or diagnose small bowel cancer which is a rare form of cancer. The expert also opined that Dr. Johnson's referral on November 23, 2013 for a follow-up with Dr. Dennett to investigate the decedent's newly discovered anemia, as well as Dr. Dennett's referral on January 14, 2014 for the decedent to see a gastroenterologist, both complied with the standard of care.
In opposition to defendants' prima facie showing, plaintiff did not submit evidence sufficient to raise a triable issue of fact as to whether defendants deviated from the standard of care by failing to urgently refer the decedent to a gastroenterologist. The affidavit of plaintiff's out-of-state expert may be considered notwithstanding the lack of a certificate of conformity as required by CPLR 2309 (see Wager v Rao, 178 AD3d 434, 435 [1st Dept 2019]), and plaintiff's two experts on deviation from the standard of care opined that iron-deficiency anemia "is a cannot-miss diagnosis" and "presumptively indicative of cancer of the bowel." However, the experts did not explain what made the decedent's blood levels and iron-deficiency anemia an emergency that would require an immediate gastroenterologist consult, rather than follow-up and retesting, nor did they explain how the decedent's blood values indicated small bowel cancer. Because plaintiff's experts on deviation from the standard of care failed to address the specific assertions of defendants' experts, their opinions are insufficient to raise an issue of fact (see Pripkhan v Karmon, 140 AD3d 634, 635 [1st Dept 2016]).
Because defendants have demonstrated that they did not depart from the standard of care, we do not consider whether defendants met their prima facie burden on the issue of causation and whether plaintiff raised an [*2]issue of fact in opposition (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025